BOSS *v.* TOMARAS.

1. FRAUD—TRIAL—INSTRUCTIONS—FALSE REPRESENTATIONS—RECKLESS STATEMENTS.

In an action for fraud in the sale of a farm and personal property, an instruction by the trial court that "It is just as much a fraud for a man to make statements of which he has no knowledge in a reckless disregard of truth as to make statements knowing them to be false; and if you find that the statements were made by the defendants, or by their agents, and were false, it will not make any difference whether the defendants, or their agents making them, knew they were false, or whether they were' made recklessly," was a correct statement of the law.

2. SAME—NO DUTY RESTS ON DEFRAUDED PARTY TO DISCOVER FRAUD.

An instruction' that the jury should determine "whether plaintiffs knew, or had any means of knowing, such representations were false," was erroneous in that it placed upon plaintiffs the duty of using diligence to discover the untruthfulness of the representations if they had the means, which is contrary to the law.

3. SAME—IRRELEVANT INSTRUCTION—APPEAL AND ERROR.

An instruction that "The burden is upon the plaintiffs to prove that the defendants, or their agents, or either of them, did defraud the plaintiffs of some of their property, goods, or chattels, and unless the plaintiffs have made this proof by a preponderance of the evidence, then you should find for the defendants," *held,* not injurious, although not very relevant to the conditions being considered.

4. SAME—BURDEN OF PROOF—FRAUDULENT INTENT NOT NECESSARY ELEMENT.

An instruction which placed upon plaintiffs the burden of proving a fraudulent intent on the part of defendants or their agents was erroneous, since, if the representations made were false and were relied on by plaintiffs to their damage, the defendants would be liable therefor, and the purpose or intention in making them would be immaterial.

---

[1]Fraud, 27 C. J. § 221; 35 L. R. A. 428; 7 L. R. A. (N. S.) 646; 2 L. R. A. (N. S.) 1418; 4 R. C. L. Supp. 754; 5 R. C. L. Supp. 642; [2]Id., 27 C. J. § 224 (Anno); [3]Appeal and Error, 4 C. J. § 3015; [4]Fraud, 26 C. J. § 53.

Case-made from Muskegon; Vanderwerp (John), J. Submitted October 11, 1927. (Docket No. 71.) Decided February 14, 1928.

Case by Ralph D. Boss and another against Gust Tomaras and another for fraud in an exchange of real property. Judgment for defendants. Plaintiffs appeal. Reversed.

*George H. Cross,* for appellants.

*John G. Turner,* for appellees.

BIRD, J. On June 26, 1926, defendants sold a farm of 60 acres in Muskegon county, together with certain farm tools, for a consideration of $4,200, and took in part payment thereof a house and lot in Muskegon for $1,850. A few months later plaintiffs discovered that defendants' representations with reference to the quality of the soil, the extent of the wood land, and the condition of the farm tools were false, and they instituted this suit to recover their damages. The matter was heard before a jury and a judgment rendered for defendants. Plaintiffs bring error and complain of certain instructions of the trial court to the jury:

"It is just as much a fraud for a man to make statements of which he has no knowledge in a reckless disregard of truth, as to make statements knowing them to be false; and if you find that the statements were made by the defendants, or by their agents, March or Lincoln, and were false, it will not make any difference whether the defendants, or their agents making them, knew they were false, or whether they were made recklessly."

We think this was a fair statement of the law and is in accord with the holding of the cases which counsel cite.

"I also instruct you that if the defendants, through their agents, made such representations as to the value of this farm and personal property thereon, as claimed by the plaintiffs, then you will next consider and determine whether the plaintiff knew, or had any means of knowing, such representations were false."

The portion of this instruction complained of is the concluding sentence, "or had any means of knowing, such representations were false." This instruction placed upon plaintiffs a greater duty than the law does. A fair inference from the sentence complained of is that if plaintiffs did have the means of knowing they should be diligent and discover the untruthfulness of the representations. If this were the rule the consequences following nearly every fraud might be avoided by the defendant. *John Schweyer & Co.* v. *Mellon,* 196 Mich. 590; *Schnepper* v. *Halleb,* 227 Mich. 455.

"I also instruct you that the burden is upon the plaintiff to prove that the defendants, or their agents, H. Bruce March and Roy Lincoln, or either of them, did defraud the plaintiffs of some of their property, goods, or chattels, and unless the plaintiffs have made this proof by a preponderance of the evidence then you should find for the defendants."

While this instruction was not very relevant to the conditions being considered, we are unable to see anything very injurious in it.

"I also instruct you that if, upon the whole evidence in the case, the conduct of Gust Tomaras and his wife, and Roy Lincoln and H. Bruce March, as proven by the testimony, is as consistent with an honest purpose as with a fraudulent purpose, you should consider that no fraudulent purpose on their part has been proven, and if not proven, then you should return a verdict in the defendants' favor."

Counsel complains that this instruction places upon the plaintiffs the burden of proving a fraudulent in-

tent on the part of the defendants, or their agents, in order to entitle them to recover.    It was unnecessary for plaintiffs to prove a fraudulent purpose or intent upon the part of defendants, or those representing them.    If defendants made representations to plaintiffs with reference to the value and condition of the farm and the personal property, and plaintiffs relied and acted upon them to their damage, and they were false, the purpose or intention of defendants in making the representations would be immaterial. . *Converse* v. *Blumrich,* 14 Mich. 109 (90 Am. Dec. 230) ; *Aldrich* v. *Scribner,* 154 Mich. 23 (18 L. R. A. [N. S.] 379) ; *Weinberg* v. *Ladd,* 199 Mich. 164; *Mulheron* v. *Koppin Co.,* 221 Mich. 187; *Rosenberg* v. *Cyrowski,* 227 Mich. 508.

For the errors indicated the judgment is reversed, and a new trial granted.

The foregoing  opinion was prepared by the late Justice BIRD and is now adopted as the opinion of the court.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.    FLANNIGAN, C. J., did not sit.

The late Justice SNOW took no part in this decision.