MARIA CHARBONNEAU & another *vs.* PETER P. ROKICKI & another.

Worcester.   February 4, 1932. — March 28, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Deceit.*

A verdict for the plaintiff against both defendants was warranted, in an action of tort for deceit against a man and his wife, on evidence that, previous to an exchange of properties by the parties, an agent of the defendants showed the plaintiff the boundaries of their land as including a timber lot; that on other occasions the defendant husband went over the defendants' land with the plaintiff and told him that the timber lot was included; that the defendants did not own the timber lot and it was not included in the deed later given by the defendants; that the representations as to the timber lot were known by the defendant husband to be false; that the plaintiff relied upon such representations; and that the defendant wife knew of all the acts of her husband and their agent in the transaction.

The circumstances, that, about a week before the exchange above described was completed and after the misrepresentations had been made, the plaintiff was told by the defendant husband that a certain plan on record showed the true boundaries of the defendants' land, but that the plan was not examined by the plaintiff until after he had learned that the timber lot was not included in the defendants' land, two and one half months after the exchange, was not a bar to the action.

BILL IN EQUITY, filed in the Superior Court on February 4, 1929, with a common law writ dated December 29, 1928, and subsequently amended into an action at law for deceit.

The action was tried in the Superior Court before *Collins,* J. Material evidence is stated in the opinion. The judge denied a motion by the defendants that a verdict be ordered in their favor. There was a verdict for the plaintiffs in the sum of $2,280. The defendants alleged an exception.

*H. J. Meleski,* for the defendants.

*M. M. Taylor* & *G. E. Belisle,* for the plaintiffs, submitted a brief.

CROSBY, J. In this action of tort, commenced by a bill in equity and amended into an action at law, it is alleged that

the parties entered into an agreement by which the plaintiffs made an exchange of real estate, in Worcester, owned by them for a farm owned by the defendants, in Northborough; that the male defendant (who will hereafter be referred to as the defendant) falsely and fraudulently represented to the male plaintiff (who will hereafter be referred to as the plaintiff) that a certain tract of timber land was included in, and constituted a part of, the farm to be conveyed to the plaintiffs by the defendants; that said representations were made with knowledge that they were false and were so made for the purpose of inducing the plaintiffs to purchase the farm; that the plaintiffs relying upon such representations purchased the farm. The declaration, as amended, alleges that one Dackson, as agent for the defendants and with their authority, conducted the plaintiff over the farm and showed him a certain timber lot containing several acres, and falsely represented that the timber lot was a part of the farm to be conveyed to the plaintiffs.

There was evidence from which it could be found that the plaintiff, with the defendants' agent Dackson, went to the farm and was shown the boundaries which included the timber lot. There was further evidence from which the jury could have found that on two occasions both plaintiffs went to the farm with their agent, that the defendant went over the farm with them and pointed out the timber lot and told them that it was included within the boundaries of the farm, and pointed out certain monuments which would include the timber lot, and the female plaintiff was shown through the house by the female defendant. Both defendants joined in the deed of the farm to the plaintiffs; the deed did not include the timber lot. There was evidence from which it could have been found that the defendants did not own the timber lot when the exchange of properties was made by the parties; that about a week before the deeds were prepared for the exchange of the properties the plaintiff was told by the defendant that a plan filed in the registry of deeds showed the true boundaries of the farm; that this plan was not examined by the plaintiff or by any one representing him until after he learned that the timber lot was not in-

cluded in the conveyance to him and to his wife.  It is recited in the record that "It is agreed that the fair inference from the evidence was that Mrs. Rokicki knew of all the acts of her agents, her husband and Dackson, in the matters pertaining to the exchange of the properties."  At the close of the evidence the defendants filed a motion for a directed verdict which was denied subject to the defendants' exception.  The jury found for the plaintiffs and assessed damages in the sum of $2,280 against both defendants.

It is manifest that the false statements to the effect that the timber lot was included in the sale of the farm were material.  It could be found that they were known to be false by the defendant and were relied on by the plaintiffs when they entered into the agreement for the exchange of properties.  In these circumstances an action of deceit would lie without further proof of an intent to deceive.  *Chatham Furnace Co.* v. *Moffatt,* 147 Mass. 403.  *Burns* v. *Dockray,* 156 Mass. 135.  The defendant was liable not only for false statements made by himself, but for similar statements made by his agent acting within the scope of his authority.  *Haskell* v. *Starbird,* 152 Mass. 117.  The evidence was sufficient to warrant a finding that the plaintiffs were induced to enter into the agreement for the exchange of properties by reason of the false and fraudulent representations knowingly made by the defendant to them.  As it is agreed that it could have been found that the female defendant knew of all the acts of her agents, her husband and Dackson, in all the matters relating to the transaction, she is equally liable with her husband in this action.

The evidence that about a week before the deeds were made for exchange of the properties the plaintiff was told by the defendant that a plan recorded in the Worcester registry of deeds showed the true boundaries of the farm, but that this plan was not examined by the plaintiff or by any one in his behalf until two and one half months after the exchange of properties, when the plaintiffs first learned that the timber lot was not included in the description of the farm, will not prevent the plaintiffs from maintaining this action.  They were justified in relying upon the defendant's

representations and were not required as matter of law to examine the plan or records in the registry of deeds. *Lynch* v. *Palmer,* 237 Mass. 150, 152.

*Exceptions overruled.*