MATTHEW CAMPANELLI *vs.* ORONZO R. VESCERA.

JANUARY 26, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass on the case for deceit which was tried to a jury in the superior court and resulted in a verdict for the plaintiff. Defendant thereupon duly filed a motion for a new trial which was denied by the trial justice. The case is here on defendant's bill of exceptions containing a single exception to such denial.

Defendant contends that the verdict is against the great weight of the evidence and that the trial justice erred in not setting it aside and granting him a new trial. He argues that the evidence fails to show actionable deceit, and further that plaintiff was guilty of negligence in relying upon defendant's representation without making further independent inquiry concerning it. Plaintiff contends that the verdict does substantial justice between the parties and since it has been approved by the trial justice his decision denying a new trial should not be disturbed unless it is clearly wrong.

Upon examination of the transcript we are of the opinion that the evidence shows that defendant falsely represented to the plaintiff that he owned, free and clear of encumbrance, the equipment and machinery of a certain jewelry shop on Point street in the city of Providence; that relying on such representation plaintiff was induced to lend and did lend defendant $500; that at the time defendant made such representation he knew it to be false as such equipment and machinery was then mortgaged to the Commercial Discount Company to secure a loan of $500 to defendant; and that he has failed to repay plaintiff's loan and has lost the machinery and equipment which he falsely claimed to own free and clear of encumbrance. We are also of the opinion that the evidence shows that plaintiff was damaged to the extent of the loss of the money loaned as found by the jury.

Defendant argues that, assuming such representation was false, it was no more than "mere trade talk" or "puffing," such as was referred to and excused by this court in *Lyons* v. *Briggs,* 14 R. I. 222, upon which case he relies. In our opinion the two cases are quite dissimilar. In the *Lyons* case the buyer of goods on credit merely represented that he was "a person safely to be trusted and given credit to." The court observed that such representation "was expressed in extremely vague and general terms," and went on to say that it was no more than "mere trade talk" and matter

of opinion upon which fraud could not be predicated. In the case at bar, on the other hand, we have the intentional misrepresentation of a fact peculiarly within the knowledge of the defendant, namely, that he owned free and clear of encumbrance the very assets which he exhibited to the plaintiff to convince him that he could safely make the loan.

The facts here are more like those in *Hunt* v. *Barker*, 22 R. I. 18, where the defendant represented that he was the owner of certain real estate. Relying upon such representation plaintiff entered into a contract to furnish heating apparatus for a house situated on the real estate which he learned later was owned by defendant's wife. In that case, the court held that such false representation was actionable deceit. For other analogous although not identical factual situations see *Piche* v. *Robbins*, 24 R. I. 325; *Phillips* v. *Hebden*, 28 R. I. 1; *Andrews* v. *Paine*, 53 R. I. 20; *International Shoe Co.* v. *Berick*, 55 R. I. 333. In all of those cases this court has squarely held that a false and fraudulent representation of one's solvency or pecuniary responsibility is ground for actionable deceit if the representation is a definite statement of fact and not an estimate or expression of opinion. There can be no question that the representation complained of here was not a mere expression of opinion but a definite statement of fact intentionally made by defendant in order to mislead the plaintiff.

Defendant next argues that even though the representation was false and was made to induce the plaintiff to loan the money requested, nevertheless he is not entitled to recover in an action of deceit because the evidence shows that he did not act with ordinary prudence and diligence in relying absolutely upon the defendant's representation without first making an independent inquiry as to its truthfulness. In support of this argument defendant points out that the mortgage of his machinery and equipment was on record in the office of the recorder of deeds of the city of Providence, and such record was notice to all the world, of

which plaintiff as a prudent man should have taken cognizance before relying on any statement of the defendant. As authority for his position he again relies on *Lyons* v. *Briggs, supra,* and quotes from the opinion therein as follows: "A prudent man would not rest satisfied with only a representation from the party himself, but would insist on a specification of facts, and it is pretty well settled that a representation is not actionable unless it is such a one as is calculated to deceive a man of ordinary prudence."

The answer to the above contention is that the principle cited is not applicable to a case like the one at bar which, as we have observed above, differs on its facts from *Lyons* v. *Briggs, supra,* in that we are dealing here not with a mere false expression of opinion but a definite false statement of fact. The importance of considering such a difference in applying the principle of law above quoted was early pointed out by this court in *Bank of North America* v. *Sturdy & Co.,* 7 R. I. 109, where it refused to hold the plaintiff to the strict rule of prudence asserted by defendants. In that case the court said that "it comes with a peculiarly ill grace from the defendants, that reliance upon their truth and honor prevented minute and searching enquiry, and enabled them to defraud."

Such judicial attitude toward a defense of that nature has been manifested in later cases where the circumstances were similar. It is settled in this state, as it seems to be in most other states in this country, that where one relies upon another's representation of an existing fact and is thereby misled to his damage he may maintain an action for deceit, notwithstanding his failure to make further inquiry which was open to him at the time and which would have disclosed the falsity of such representation. *Hunt* v. *Barker, supra.*

In that case the true fact, namely, that defendant did not own the real estate in question, was a matter of public record which plaintiff could have ascertained upon due inquiry. He did not do so and defendant asked the court

to rule that such recording was constructive notice to the plaintiff. In upholding the trial court's refusal to so rule in the circumstances of the case before it this court said: "As an abstract proposition, that contained in the request was doubtless correct * * *; but, though correct, the court below was not bound to make the ruling unless it was pertinent to the case. The question, therefore, presented by the exceptions is whether one to whom a representation is made as to the ownership of land, who does not know the representation to be untrue, and who, relying on its truth, has acted to his loss, is precluded from maintaining an action for the deceit because the true state of the title to the land might have been ascertained by him by an examination of the land records." The court answered that question in the negative and said that in such circumstances the defrauded party was not obliged to investigate or verify the truth of statements to which the other party had deliberately pledged his faith.

To the same effect are the following cases: *Andrews* v. *Paine, supra; International Shoe Co.* v. *Berick, supra.* In other states a similar view is taken. *Charbonneau* v. *Rokicki,* 278 Mass. 524; *Ford* v. *Dubiskie & Co.,* 105 Conn. 572; *Albert* v. *Title Guarantee & Trust Co.,* 277 N. Y. 421; *Boss* v. *Tomaras,* 241 Mich. 540; *Weinberg* v. *Weinberg,* 118 N. J. Eq. 97; *Wilday* v. *Panas,* 122 N.J.L. 28; *Wright* v. *Noyes,* 80 N. H. 172; *Jones* v. *McQuesten,* 172 Wash. 480; *Niles* v. *Danforth,* 97 Vt. 88.

On the view of the law as above set forth and after a careful perusal of the transcript we cannot say that the trial justice was clearly wrong in approving the verdict and denying defendant's motion for a new trial. On the contrary it would appear that there was evidence from which it could reasonably be found that as a result of defendant's false representation that he owned the machinery and equipment in the jewelry shop free and clear of encumbrance, plaintiff was induced to loan his money to defendant and was thereby defrauded.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*George A. Ajootian,* for plaintiff.

*Frank W. Golemba,* for defendant.