ALFRED PASSARELLI *vs.* VINCENZO BORAGINI, SR.

AUGUST 11, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

Condon, J. This action of trespass on the case for deceit is here solely on defendant's exception to the trial justice's denial of his motion for a new trial after a jury in the superior court had returned a verdict for the plaintiff for $3246, the full amount he claimed to have lost by reason of his reliance upon a series of false representations by the defendant. On that exception the only question for our determination is whether the ruling on the motion was clearly wrong.

The motion for a new trial was predicated on the usual grounds that the verdict was against the law and the evidence and also that the damages were excessive. The law therein referred to is of course the law given to the jury by the trial justice irrespective of its correctness. In determining whether the jury's verdict is consistent in that respect, the trial justice is bound by the law which he gave them. *Minor* v. *Narragansett Machine Co.*, 71 R. I. 108. Nor can defendant justly complain that the verdict is contrary to law unless it be to the law of the case. In the case at bar the trial justice decided defendant's motion from the bench without writing a rescript. If he gave any reasons for his decision we have not been apprised of them. We assume that he was satisfied from his knowledge of the trial that the jury did not disregard the law which he gave them.

Defendant, however, contends that their verdict was clearly contrary to law because the evidence shows that the plaintiff repeatedly parted with his money in reliance upon a series of successive false representations over a period of four months without in any instance exercising the care which an ordinary prudent person should have exercised in investigating such representations before thus relying on them. In support of his contention that the law requires proof of the exercise of such care by the plaintiff before he can recover in an action of deceit, defendant cites *Moore* v. *Turbeville,* 2 Bibb (Ky.) 602, and 12 R. C. L. 371, §123. The short answer to this contention is that the jury in the case at bar were not so instructed in the law. Moreover, the law of this state is to the contrary. Lack of preliminary inquiry by plaintiff coupled with his implicit trust in defendant's word does not preclude recovery in an action for deceit in this jurisdiction. *Campanelli* v. *Vescera,* 75 R. I. 71; *Hunt* v. *Barker,* 22 R. I. 18; *Bank of North America* v. *Sturdy & Co.,* 7 R. I. 109.

Defendant's next contention is that the verdict is against the weight of the evidence. On an exception to the denial of

a motion for a new trial where as here the trial justice has not given us the benefit of his independent judgment in passing upon the question whether the evidence shows that the verdict corresponds to the true merits of the controversy and does substantial justice between the parties, we are forced to examine the transcript without reference to the trial justice's decision. We do so in order to determine for ourselves whether the evidence *very strongly preponderates* against the verdict, in accordance with the practice of this court on petitions for new trials before the superior court was established and vested with the power to grant new trials. *Bradley* v. *Brayton,* 61 R. I. 44.

We have carefully read the transcript and we cannot say that the evidence thus clearly preponderates against the verdict. It appears therefrom without contradiction that the defendant obtained from plaintiff a series of substantial sums of money amounting in all to $3246. The conflict in the evidence arises over the question: In what manner was plaintiff induced to give such sums of money to the defendant and for what purpose?

Plaintiff is the owner of a furniture store. Defendant is or was a constable authorized to serve civil process. Plaintiff testified that he paid the first sum to defendant upon his representation that, as a constable, he was in a position to repossess refrigerators which could be sold at a large profit which he would share equally with plaintiff. Later another sum was obtained on the representation that defendant was going to repossess an automobile with the same opportunities for profit on resale. Still later, not having done either of those things or repaid plaintiff his money, defendant obtained a further sum on the representation that he had litigation pending in Massachusetts on which he expected to realize $1300 but needed certain money for a bond to maintain his action. He assured plaintiff that the money would be used to repay the sums previously obtained. Next he represented that he needed money to complete the organization of a club which would net him

$3000, and he would then repay plaintiff all sums received from him up to that time which then was about equal to that amount. Finally after he had obtained some other sums generally on the implied promise that he was to use them to obtain funds to pay plaintiff, he obtained a still further sum to meet certain expenses which he stated were in connection with the death of his sister's mother-in-law. After giving defendant a check for that sum plaintiff learned on the evening of the same day that the person mentioned by defendant was not dead. He testified that he then fully realized for the first time that defendant had taken him for a fool and had deceived him in each and every instance.

Defendant's version of the reasons why plaintiff parted with such sums was quite different. He claimed that the money was given to him by plaintiff "to bet on horses." He testified that he and the plaintiff would have made a lot of money, $25,000 or $30,000, if plaintiff had been patient with him a little while longer, but he admitted that all the money which he had received from the plaintiff was lost. In some minor particulars he was corroborated in his testimony by his wife and son. On the main issue, however, it was largely his word against the plaintiff's. In such circumstance the jury appears to have believed the plaintiff and disbelieved the defendant. From our examination of the evidence it certainly cannot be fairly said that their verdict in this respect is contrary to the great weight of the evidence.

The credibility of the testimony of both parties in our opinion is not beyond question but that alone does not justify us in disturbing the verdict. In this connection we are not unmindful of the fact that the jury are the judges of the credibility of the witnesses and in performing that duty they have the opportunity to see the witnesses and note their demeanor as they testify. We do not have that advantage. In a case of this kind, therefore, which is largely one of determining from the evidence

whether the plaintiff or the defendant is telling the truth, the conclusion of the triers of the facts, especially when it is based upon the credibility of the parties, should not be disturbed unless there is something appearing in the record which would justify such action. *Berarducci* v. *Sarcione,* 55 R. I. 398. On examining the record we find nothing sufficient to warrant our granting a new trial. Defendant, in our opinion, has no just cause for complaining, as he does, that the jury disbelieved his testimony and credited in full that of the plaintiff.

Defendant's contention that the damages are excessive is based on the view that several of the payments by the plaintiff were made solely on defendant's promises to repay such sums without false representations of any kind. A superficial reading of the evidence may seem to support that contention, but on a closer reading we think it is without merit. After a careful examination of the transcript we are of the opinion that the jury could reasonably have inferred that such payments were made on defendant's representations that he needed the money in order to obtain certain funds which were due him and which he assured plaintiff would be used to pay back the full amount which plaintiff previously thereto had advanced to him. In other words, they could reasonably have found that all receipts of money by defendant from plaintiff were connected indirectly with the original specific false representations of defendant by means of which he had deceived and defrauded the plaintiff.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

### On Motion for Reargument.

#### OCTOBER 28, 1949.

Per Curiam. After our decision in the above case the defendant asked and received permission to file a motion for reargument. Pursuant to this permission he has filed

such a motion, setting out therein three grounds on which he bases his contention that justice requires a reargument of the case. We have carefully considered such grounds and we are of the opinion that they do not warrant a reargument of the case.

Motion denied.