JOHN W. HUNT *vs.* JESSE F. BARKER.

PROVIDENCE—MARCH 30, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Deceit.   Material Misstatement of Facts.   Presumptive Notice.*

A person to whom a representation is made as to the ownership of land, who does not know the representation to be untrue, and who, relying on its truth, has acted to his loss, is not precluded from maintaining an action for deceit because the true state of the title to the land might have been ascertained by him by an examination of the land records.

(2)  *Deceit.  Representation of Fact.*

Where the representation is a statement amounting to the positive assertion
of an existing fact, the person to whom it is made has the right to rely upon
its truth, and is not put to his inquiry; and if the representation is untrue
and he is deceived thereby to his injury, negligence which will preclude
recovery cannot be predicated on his failure to make inquiry.

TRESPASS ON THE CASE FOR DECEIT.   The facts are stated
in the opinion.   Heard on exceptions of defendant to rulings
of District Court.   Exceptions overruled.

MATTESON, C. J.   This is an action of the case for deceit,
brought originally in the District Court of the Sixth Judicial
District, in which decision was rendered for the plaintiff, and
is now before us on defendant's exceptions to the rulings of
that court.

The bill of exceptions sets forth that at the trial in the
District Court evidence was adduced in behalf of the plain-
tiff that the defendant falsely represented to him that the de-
fendant was the owner of certain real estate; that the plaintiff
did not know who was the owner of it, and, relying on the de-
fendant's representation, was induced to enter into a contract
with the defendant to furnish heating-apparatus for a house
situated on the real estate; that further evidence was in-
troduced, in the form of certified copies of deeds, showing
that on the date on which the defendant made the alleged
false representation that he was the owner of the real estate,
the title to it was in the defendant's wife, and that the deeds
by which the real estate was conveyed to her had been re-
corded when the representation was made.   The defendant
requested the court to rule that the recording of the deeds
of the real estate was constructive notice to the plaintiff as to
who was the true owner of the real estate; but the court
refused to so rule, whereupon the defendant excepted.

As an abstract proposition, that contained in the request
was doubtless correct, Gen. Laws R. I. cap. 202, § 7; but,
though correct, the court below was not bound to make the
ruling unless it was pertinent to the case.   The question,

therefore, presented by the exceptions is whether one to whom a representation is made as to the ownership of land, who does not know the representation to be untrue, and who, relying on its truth, has acted to his loss, is precluded from maintaining an action for the deceit because the true state of the title to the land might have been ascertained by him by an examination of the land records.

The defendant's contention is that, as the record affords constructive notice to all persons of the true state of the title, it is incumbent on him to whom such representation is made, to consult the record and that if he fails to do so he is guilty of negligence, and so cannot recover.

We do not think that this contention can be sustained. The cases relied on by defendant in support of it are not cases of constructive notice, but cases in which the representations made were affirmations of the seller of property as to quality, value, former offers, and the like, which involved not so much facts as matters of opinion and judgment, and which, as said in *Brown* v. *Castles*, 11 Cush. 348, it has always been understood the world over are to be distrusted. On such statements a person has no right to rely, and hence, if he acts upon them without inquiry and is deceived, he is without remedy unless he has been prevented from making inquiry by the fraudulent conduct of the other.

(2) Where, however, the representation is a statement amounting to the positive assertion of an existing fact, the person to whom it is made has a right to rely upon its truth, and, having the right to rely upon it, is not put to his inquiry; and, therefore, if the representation be untrue and he is deceived thereby to his injury, negligence which will preclude his recovery cannot be predicated on his failure to make the inquiry. In *Mead* v. *Bunn*, 32 N. Y. 280, the court remarks; "Every contracting party has an absolute right to rely on the express statement of an existing fact, the truth of which is known to the opposite party and unknown to him, as the basis of a mutual engagement; and he is under no obligation to investigate or verify statements to the truth of

which the other party to the contract, with full means of knowledge, has deliberately pledged his faith."

Accordingly it was held in *David* v. *Park*, 103 Mass. 501, that a distinct statement of fact by a seller known to be false, with intent to deceive the buyer, on which the buyer acts to his injury, will sustain an action of deceit, even if the buyer might have discovered the fraud by searching the records of the patent office. So, too, it was held in *Dodge* v. *Pope*, 93 Ind. 481, that one who represents that a mortgage which he offers for sale is the only mortgage of record is bound by such representation, although an examination of the record would have disclosed the existence of a prior mortgage. See also, to the same effect, *Tyner* v. *Cotter*, 67 Wis. 482 ; *Evans* v. *Forstall*, 58 Miss. 30 ; *Fargo Gas & Coke Co.* v. *Fargo Gas & Electric Co.*, 4 N. D. 219, in which the question is fully considered and numerous cases are collected. And see further *Ward* v. *Wiman*, 17 Wend. 193, in which it is held that case lies for deceitful and false representations respecting the title to land in the sale of it, and this, too, though the deed contains covenants of title, the purchaser having the right to treat the deed as a nullity and maintain his action for deceit.

We find no errors in the rulings of the District Court upon the demurrer, which are also excepted to.

Exceptions overruled, and case remitted to the District Court with direction to enter judgment for the plaintiff on its decision.

*Terence M. O'Reilly*, for plaintiff.
*John H. Flanagan*, for defendant.