HARRY BLOOMBERG *vs.* PUGH BROTHERS CO.

JULY 5, 1923.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Deceit.*

In an action for deceit, where plaintiff alleged that by reason of false representations of defendant's agent he was induced to make a contract in writing for the purchase of a motor truck, and that learning of the falsity of such representations he returned the truck and brought action to recover his damages arising from the fraud, evidence of the negotiations between plaintiff and the agent of defendant, leading to the execution of the contract, and the representation made by agent which induced plaintiff to execute it, were relevant.

*(2)   Contracts.   Deceit.*

A contract for sale of a motor truck contained the provision "the foregoing contains the whole agreement between the parties to this contract and they shall be estopped from asserting as an inducement to make such contract, any misrepresentation upon the part of either of the parties hereto or any agent or servant. Should any such misrepresentation be alleged in any suit at law or proceeding in equity, then either of the parties hereto may plead this contract in bar thereof."

*Held,* that purchaser should have been permitted to show the fraudulent representations of seller's agent which induced him to enter into the contract of purchase, for fraud vitiates all contracts and one cannot by such a pro-

vision escape liability for the fraudulent representations of his agent made within the scope of his apparent authority.

*(3)   Deceit.*

False statements of existing facts constitute actionable fraud if material.

*(4)   Deceit.   Statements of Fact.*

Where plaintiff's sole reason for purchasing a truck, was because of the business promised to him by defendant, which reason was known to defendant such representations are not collateral but form an essential element in inducing plaintiff to enter into the contract.

*(5)   Deceit.   Principal and Agent.   Estoppel.*

Where a principal has received the money paid upon a contract which plaintiff entered into induced by the false representations of defendant's agent, the principal cannot retain advantage from his agent's fraud and avoid responsibility therefor, but he is estopped to disclaim connection with such fraud.

*(6)   Fraud.   Contracts.*

In case of fraud, inducing the making of a contract, the injured party has an election of remedies and is entitled to proceed in an action of deceit to recover his damages, and the provisions of the contract are not material.

TRESPASS ON THE CASE for deceit.   Heard on exception of plaintiff and sustained.

SWEETLAND, C. J.   This is an action of trespass on the case for deceit.

The case was tried before a justice of the Superior Court sitting with a jury.   At the close of the plaintiff's evidence on motion of the defendant said justice ordered that the plaintiff be nonsuited.

The claim of the plaintiff is that by reason of false and fraudulent representations of the defendant's agent he was induced to enter into a contract in writing with the defendant for the purchase of a motor truck upon which he paid an initial installment of three hundred dollars.   Learning of the fraudulent nature of the representations which caused him to enter into the contract he returned the truck to the defendant and now seeks in this action to recover his damages arising from said fraud.   From the evidence which the plaintiff was permitted to introduce, and from the offers of evidence which were improperly refused, it appears that on

September 29, 1920, there was published in the advertising section of a public newspaper in Providence, under the column headed, "Automobiles" the following advertisement: "Truck. Will guarantee work for nearly new 3½ ton dump truck if bought at once. Easy terms. Address P-428 Journal office." The plaintiff's response to this advertisement brought one Frey, an agent of the defendant, to his home. The main reason for the interest of the plaintiff in the matter was his desire to enter the trucking business with an assured amount of work and customers. Negotiations followed between the plaintiff and the defendant's agent, which the plaintiff was not permitted fully to show in evidence, but which, from the nature of the plaintiff's cause of action, he should have been permitted to present to the jury. Partly by a letter and other written memoranda given to him by said agent, and partly by testimony, the plaintiff sought to prove representations on the part of said agent, to the effect that the defendant controlled the trucking business of a list of prominent mercantile concerns in Providence, with authority to transfer that business to the plaintiff, and also the promise to do so if the plaintiff would purchase the motor truck. The plaintiff claimed that the agent made other representations as to the amount and value of the business of the concerns which the agent stated that the defendant controlled. Induced solely by these representations and promise the plaintiff entered into a written contract with the defendant for the purchase of said truck for thirty-five hundred dollars and paid three hundred dollars on the contract.

A jury might properly find from the evidence which was admitted, and that which was offered, if it had been admitted that the representations of the defendant's agent were entirely false and fraudulent. The written contract for the sale and purchase of said motor truck contains the following paragraph: "The foregoing contains the whole agreement between the parties to this contract and they, and each of them, shall be estopped from asserting, as an inducement to

(2) make said contract, any misrepresentation upon the part of either of the parties hereto, or any agent or servant of either of the parties hereto.   Should any such misrepresentation be alleged in any suit at law or proceeding in equity, then either of the parties hereto may plead this contract in bar thereof."

There was sufficient evidence to warrant a jury in finding that in conducting the negotiations for the sale of said truck, and in executing the contract in the name of the defendant, Frey was acting as agent for the defendant.   Further, the plaintiff offered to present evidence that Frey had authority to bind the defendant.   The plaintiff should have been permitted to introduce evidence as to the fraudulent representations of Frey which induced the plaintiff to enter into the contract of purchase, and the accompanying promises which Frey knew that neither he nor the defendant could perform and which they had no intention of performing. Accompanying these representations of a promissory nature were false statements of existing facts and the latter, if (3) established, would constitute actionable fraud, provided such statements were material.   *Handy* v. *Waldron*, 19 R. I. 618.   In view of the fact that the plaintiff's sole reason for purchasing the truck, was because of the business which was (4) promised to him, which dominant reason was known to the agent and was discussed by him and the plaintiff, these representations should not be considered as merely collateral, but as forming an essential element in inducing the plaintiff to enter into the contract.

It is urged that there was no evidence that the alleged fraudulent representations of Frey were either authorized by the defendant or were within its knowledge.   The defendant has received the money of the plaintiff paid upon the contract, and it is well established that a principal can not retain advantage from his agent's fraud and avoid responsibility therefor.   He is estopped to disclaim connection with such fraud.   In *Isenbeck* v. *Burroughs*, 217 (5) Mass. 537, the court approved the following statement of

the principle made in *Lovett* v. *Sullivan*, 189 Mass. at 536: "A person who has derived a benefit through the fraud of his agent can not keep the fruits of the bargain, thus ratifying the fraud, without being liable in an action for deceit."

The claim is also made that until the plaintiff procures the cancellation of the contract of sale he can not maintain this suit. In case of fraud, inducing the making of a contract the injured party has an election of remedies, and he is entitled to proceed in an action of deceit to recover his damages. The plaintiff in this action does not seek an annulment of the contract; nor is the suit brought for a breach of the contract. The provisions of the contract are not material. The gist of the action is that the plaintiff was fraudulently induced to part with his money and to enter into the contract to his damage.

Nor is the plaintiff barred of his right to prosecute this suit, based on fraud, by reason of the provisions of the contract quoted above. *Weil & Co.* v. *Quidnick Co.*, 33 R. I. 58. Fraud vitiates all contracts and one cannot by such a provision as is contained in the contract in this case, escape liability for the fraudulent representations of his agent made within the scope of his apparent authority. In *Shepard* v. *Pabst*, 149 Wis. 35, the court was considering a provision, contained in a contract for the sale of land, to the effect that the purchasers were not relying upon any representation made by the vendor or any agent and that they explicitly waived any claim on that account. The court held that a vendor is not relieved of liability for the acts of the agent by such provision in a contract. The court said: "In such case the agent's fraud avoids the assent to this as well as to the other recitals and stipulations of the contract which the purchaser signed under the influence of such misrepresentation." *White Sewing Machine Co.* v. *Bullock*, 161 N. C. 1; *Trambly* v. *Ricard*, 130 Mass. 259.

We are of the opinion that the nonsuit was improperly ordered. The plaintiff should have been permitted to show the false representations which he claimed induced the

contract. If it is made to appear that Frey was the agent of the defendant for the sale of the motor truck, and the plaintiff was induced to enter into said contract and to pay his money to the defendant by reason of the fraud of Frey, the defendant can not retain the benefit arising therefrom and escape responsibility for the fraud. The plaintiff is not barred from maintaining his suit for that fraud by reason of said provision, contained in the contract of sale and purchase.

The plaintiff's exception is sustained. The case is remitted to the Superior Court for a new trial.

*George Helford, William C. H. Brand,* for plaintiff.

*Quinn, Kernan & Quinn,* for defendant.