[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the Court on Plaintiff's motion for reconsideration of a decision granting Defendant's Motion for Summary Judgment pursuant to Super. R. Civ. P. 56. In support of his motion for reconsideration, Plaintiff relies upon Bloombergv. Pugh Brothers Co., 45 R.I. 360, 121 A. 430 (1923), a case of which the Court has recently been apprised.
When the Court initially heard arguments regarding the motion for summary judgment, the defendant contended that LaFazia v.Howe, 575 A.2d 182 (R.I. 1990) was controlling. In LaFazia,
the Rhode Island Supreme Court stated that where a contract contains not a general, but a specific disclaimer, such a provision will preclude an action based on alleged fraud in the procurement of the contract. LaFazia, 575 A.2d at 185. The disclaimer in LaFazia was specific in the sense that it disallowed reliance on oral representations relating to the profitability of the business, which was the subject of the contract dispute. Citing Bloomberg, the court pointed out that fraud will, however, vitiate the contract where there exists a merger and disclaimer clause of a general, nonspecific nature.Id.
This court is now of the opinion that Bloomberg is the more applicable law in light of the facts of the case presently before the court. In Bloomberg, the court's decision to allow evidence of fraud was predicated upon the general nature of the disclaimer clause which provided:
 The foregoing contains the whole agreement between the parties to this contract and they and each of them, shall be estopped from asserting, as an inducement to make said contract, any misrepresentation upon the part of either of the parties hereto. Should any such misrepresentation be alleged in any suit at law or proceeding in equity then either of the parties hereto may plead this contract in bar thereof. Bloomberg, 121 A. at 430.
Indeed, the LaFazia court noted that had the disclaimer clause in that case been general and had it not provided that "the buyer was to rely solely on his own judgment regarding past, present or prospective volume of the business," then the grant of summary judgment in defendant's favor would have been inappropriate.LaFazia, 575 A.2d at 185-86.
In the case at bar, the merger and disclaimer clause provides as follows:
 27.2 All understandings and agreements heretofore had between the parties hereto are merged in this contract which fully and completely expressed the parties' agreement and the same is entered into after full investigation, neither party relying upon any statement or representation not embodied in this contract or the Public Offering Statement, made by the other.
The foregoing provision is of a general nature, similar to the disclaimer clause which was at issue in Bloomberg. There is no reference to any specific representations contained within the clause in the instant case, unlike the clause in LaFazia.
Therefore, owing to the general nature of the merger and disclaimer clause in the present matter, this court is of the opinion that the plaintiff should not be precluded from introducing evidence of fraud and misrepresentation. The earlier grant of summary judgment in favor of the defendant is vacated. Counsel are directed to prepare an order in conformity with this decision.