Roger DiQUINZIO

v.

**PANCIERA LEASE CO., INC., et al.**

No. 91–319–A.

Supreme Court of Rhode Island.

July 8, 1992.

Paul S. Cantor, Timothy D. O'Hara Law Associates, Ltd., Providence, for plaintiff.

Raymond A. LaFazia, Michael J. Gardiner, Gunning, LaFazia & Gnys, Inc., Cheryl A. DiMeo, Thomas M. Dickinson, Law Office of Kevin M. Cain, Providence, for defendants.

## OPINION

WEISBERGER, Justice.

This case comes before us on the plaintiff's appeal from summary judgment entered in favor of defendant Panciera Lease Co., Inc., in the Superior Court. We affirm. The facts and travel of the case are as follows.

On October 21, 1985, Roger DiQuinzio (plaintiff) was a passenger in a motor vehicle owned by Panciera Lease Co., Inc. (Panciera, defendant), and leased to plaintiff's employer, the State of Rhode Island. The vehicle in which plaintiff was riding was being driven by a fellow state employee, Malcolm Brownell (Brownell). It collided with a motor vehicle operated by Anthony Mastantuono (Mastantuono) and owned by Charlestown Sand and Gravel Co., Inc. (Charlestown). The plaintiff suffered both physical injuries and a loss of wages as a result of the accident and subsequently sought workers' compensation benefits. The plaintiff received and continues to receive such benefits.

In March of 1988 plaintiff brought an action in the Superior Court against Mastantuono, Charlestown, and Panciera for damages arising out of the 1985 accident. The plaintiff alleged that Mastantuono was negligent in his operation of the motor vehicle owned by Charlestown. He asserted that Mastantuono and Charlestown were jointly and severally liable for the various injuries incurred by plaintiff as a result of the accident. The plaintiff also claimed implicitly that Panciera was jointly and severally liable with Brownell (as well as with Mastantuono and Charlestown) for plaintiff's injuries pursuant to G.L.1956 (1982 Reenactment) § 31-34-4 ("Liability of owner for negligence of operator"). Section 31-34-4 makes the owner-lessor of a for-hire motor vehicle jointly and severally liable with any person permitted by the owner-lessor to operate such a vehicle for any damages caused by the operator's negligence. Brownell, the operator of the motor vehicle owned and leased by Panciera, was not himself named as a defendant in plaintiff's complaint. As a fellow employee of plaintiff, Brownell is immune from liability for plaintiff's injuries in accordance with the Rhode Island Workers' Compensation Act, G.L.1956 (1986 Reenactment) § 28-29-20.

In April of 1991 Panciera moved for summary judgment on the grounds that no evidence of direct negligence on its part had been established after discovery. In the absence of such negligence, Panciera asserted, any claim for damages against it is dependent on its being held vicariously liable for Brownell's negligence pursuant to § 31–34–4. Panciera contended, however, that such a claim is foreclosed because Brownell is immune from suit under the terms of the Rhode Island Workers' Compensation Act. The trial justice granted Panciera's motion for summary judgment on May 13, 1991. The plaintiff then appealed to this court.

The plaintiff argues that the immunity from suit afforded Brownell under the terms of the Rhode Island Workers' Compensation Act does not affect the applicability of § 31–34–4 to the case at bar. Consequently plaintiff contends that summary judgment in favor of Panciera was improper. Because we conclude that an employee who has received workers' compensation benefits may not pursue a right to recovery based on the wrongful conduct of an entity made immune from suit by the Rhode Island Workers' Compensation Act, we affirm the judgment of the Superior Court.

The Rhode Island Workers' Compensation Act seeks to ameliorate much of the physical, emotional, and financial adversity visited upon workers and their families in the wake of an employment-related injury. To accomplish this end, it establishes a scheme that furnishes a fixed rate of compensation to eligible employees injured within the course of their employment. In order to obtain such benefits, an injured employee is not required to show that his or her injury was due to the fault of another. However, the right to no-fault compensation from one's employer is afforded in lieu of all other rights and remedies that an injured employee might have against his or her employer or that employer's directors, officers, agents, or employees for their wrongful conduct. Section 28–29–20.[1] In effect the remedy made available to injured workers under our workers' compensation scheme is in the nature of a compromise:

"The employer is made liable for certain accidental injuries for which before he was not liable. The employee or his dependents receive compensation by a procedure which is designed to be simple and expeditious. Both employer and employee in accepting the act surrender some rights and receive certain benefits. In some cases the employee or his dependents may receive less compensation under the act than at common law, but, on the other hand, they may receive compensation to which at common law they would not be entitled." *National India Rubber Co. v. Kilroe*, 54 R.I. 333, 336, 173 A. 86, 87 (1934).

Hence under the Rhode Island Workers' Compensation Act an injured employee is ensured timely and certain, though limited, compensation. In exchange he or she gives up the right to pursue an action at law that, although potentially more remunerative, is likely to be protracted and may well be unsuccessful.

When an injured employee receives workers' compensation benefits, the exclusivity provisions of § 28–29–20 extinguish all other rights to recovery based on the wrongful conduct of the injured employee's employer or that employer's directors, officers, agents, or employees. Workers' compensation benefits are meant as full compensation for any loss or harm that is alleged to have been caused by any entity to which immunity from suit is extended under § 28–29–20. *Cf. Travis v. Rialto Furniture Co.*, 101 R.I. 45, 220 A.2d 179 (1966) (injured employee who ob-

---

**1.** General Laws 1956 (1986 Reenactment) § 28–29–20 ("Rights in lieu of other rights and remedies") provides:

"The right to compensation for an injury under chapters 29–38, inclusive, of this title, and the remedy therefore granted by those chapters, shall be in lieu of all rights and remedies as to that injury now existing, either at common law or otherwise against an employer, or its directors, officers, agents or employees; and those rights and remedies shall not accrue to employees entitled to compensation under those chapters while they are in effect, except as otherwise provided in §§ 28–36–10 and 28–36–15."

tained damages from a third-party tortfeasor by way of settlement is presumed to have been fully compensated for his injuries). An injured employee is not, however, barred from seeking damages from an entity not made immune under § 28–29–20 for any loss or harm due to the wrongful conduct of such an entity. G.L.1956 (1986 Reenactment) § 28–35–58. If an injured employee does in fact recover against a nonimmune entity, he or she is obligated to reimburse his or her employer (or the employer's insurance carrier) for any compensation paid as of the date of the judgment or settlement. *Id.*

In the case at bar plaintiff was injured in the course of his employment and accepted workers' compensation benefits. As a result plaintiff may not pursue any other right to recovery based on the wrongful conduct of an entity immune from suit under § 28–29–20. We are convinced that plaintiff's action against Panciera pursuant to § 31–34–4 is included within the ambit of this prohibition.

■ It is evident that the substantive basis of an owner-lessor's liability under § 31–34–4 for the negligent operation of its for-hire motor vehicle is the wrongful conduct of the operator. The statute provides that the owner-lessor of a for-hire motor vehicle is liable for damages *"caused by the negligence of any person operating the vehicle by or with the permission of the owner."* [2] (Emphasis added.) Accordingly § 31–34–4 does not purport to create an independent substantive basis for the owner-lessor's liability, such as a theory of negligent entrustment. Instead the statute imposes a form of vicarious liability on the owner-lessor based on the operator's wrongful conduct.

■ The requirement of permissive operation contained in § 31–34–4 is plainly not aimed at recognizing any distinct duty of care on the part of the owner-lessor. The degree of care exercised by an owner-lessor in the hiring out of its vehicle has no bearing on its liability under § 31–34–4. An owner-lessor is liable under the statute whether the requisite permission was given after the most elaborate safety precautions were undertaken or was given to a visibly intoxicated person. We are persuaded that the requirement of permissive operation is the mechanism by which an agency is established between an owner-lessor of a for-hire motor vehicle and the operator of such a vehicle. Such an agency is needed to impose vicarious liability on the owner-lessor, because at common law the owner of a motor vehicle is not responsible for the conduct of its bailee. *Gallo v. American Egg Co.*, 76 R.I. 450, 72 A.2d 166 (1950). In circumstances in which an owner-lessor has not given actual or constructive permission for its vehicle to be used, the operator of the vehicle is not to be considered the agent of the owner-lessor. Consequently the negligent operation of the vehicle may not be charged or imputed to the owner-lessor pursuant to § 31–34–4.

■ We are equally convinced that the provisions of § 31–34–4 making an owner-lessor jointly and severally liable with the operator of its for-hire motor vehicle neither create nor reflect a distinct duty of care on the part of the owner-lessor. Such liability attaches only "for any damages caused by the negligence *of any person operating the vehicle by or with the permission of the owner."* (Emphasis added.) Section 31–34–4. It allows a person injured by the negligent operation of a for-hire motor vehicle to maintain a direct action against the owner-lessor, presumed to be a well-funded pocket. In effect the owner-lessor becomes an additional surety for the satisfaction of a negligence claim against the operator. The owner-lessor is not, however, itself a tortfeasor except by way of the legal fiction of vicarious liability.

---

**2.** *General Laws* 1956 (1982 Reenactment) § 31–34–4 ("Liability of owner for negligence of operator") provides in pertinent part:

"Any owner of a for hire motor vehicle or truck who has given proof of financial responsibility under this chapter or who in violation of this chapter has failed to give proof of financial responsibility shall be jointly and severally liable with any person operating such vehicle for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner."

■■■■■■■■■■■■■■■■■■■■■■■■■■■

In reviewing a motion for summary judgment, this court must determine, after considering the papers submitted to the trial court on the motion in the light most favorable to the nonmoving party, whether a genuine issue of material fact remains to be disputed. Summary judgment is appropriate if no material factual issue exists and the moving party is entitled to judgment as a matter of law. *Grissom v. Pawtucket Trust Co.*, 559 A.2d 1065, 1066 (R.I.1989). After our examination of the papers in the case at bar, we conclude that summary judgment was properly given. The plaintiff received workers' compensation benefits for his various injuries arising out of the 1985 accident. As a result he may not pursue a right to recovery that is based on the wrongful conduct of any entity afforded immunity from suit under § 28–29–20. The plaintiff's fellow employee, Brownell, has such immunity. Consequently plaintiff may not maintain an action grounded in Brownell's alleged negligence. As we have indicated, the liability of an owner-lessor of a for-hire motor vehicle pursuant to § 31–34–4 is not dependent on any negligent conduct on the part of the owner-lessor. Such liability is based on the imputed negligence of the operator. Accordingly plaintiff is precluded from recovering against Panciera under § 31–34–4.[3] Furthermore we are persuaded that there is no evidence of any independent actionable negligence's having been committed by Panciera. Indeed, plaintiff's counsel admitted as much at the summary judgment proceeding. Because no material factual issue is left to be disputed and defendant is entitled to judgment as a matter of law, we conclude that summary judgment was appropriate.

We must emphasize that we do not hold that Panciera has been extended immunity from suit under the terms of § 28–29–20. If Panciera had committed an independent act of negligence that contributed to the plaintiff's injuries, the plaintiff would clearly not be barred from recovering against Panciera in accordance with § 28–35–58. Our holding in the case in bar flows from the existence of Brownell's immunity. The import of the immunity afforded Brownell is that, in accordance with the Rhode Island Workers' Compensation Act, the plaintiff may not maintain an action based on Brownell's alleged wrongful conduct. The plaintiff's claim against Panciera pursuant to § 31–34–4 involves such a cause of action and is accordingly foreclosed.

For the foregoing reasons the plaintiff's appeal is denied, and the judgment of the Superior Court in favor of the defendant is affirmed. The papers in the case may be remanded to the Superior Court.

---

**3.** This rationale is further buttressed by the undisputed result that Panciera would be deprived of any common law right of indemnity against Brownell by virtue of his immunity derived from the Rhode Island Workers' Compensation Act.