**Roger A. DiQUINZIO**

v.

**PANCIERA LEASE CO., INC. et al.**

No. 92–608–M.P.

Supreme Court of Rhode Island.

May 2, 1994.

---

Paul S. Cantor, Resmini & O'Hara Law Associates, Providence, for plaintiff.

Cheryl Ann DeMeo, Law Offices of Kevin Cain, Kevin S. Cotter, Raymond Alan Lafazia, Gunning, Lafazia & Gnys, Providence, for defendant.

## OPINION

MURRAY, Justice.

This matter came before the Supreme Court on the petition for certiorari of the defendant Panciera Lease Co., Inc. (Panciera). Panciera seeks our review of a Superior Court justice's denial of its motion for summary judgment with regard to the cross-claim that its codefendants, Anthony J. Mastantuono (Mastantuono) and Charlestown Sand & Gravel Co., Inc. (Charlestown), filed against it. We now quash the denial and direct the entry of summary judgment for Panciera.

This case arose out of a collision between two motor vehicles on the morning of October 21, 1985. Roger A. DiQuinzio (DiQuinzio), an employee of the State of Rhode Island, was a passenger in a leased motor vehicle that a fellow state employee, Malcolm Brownell (Brownell), was operating. Panciera, the vehicle's owner, had leased the vehicle to the state. An eighteen-wheeled truck that Mastantuono was operating collided with the Panciera vehicle. Codefendant Charlestown owned the truck. As a result of this accident DiQuinzio sustained physical injuries and subsequently received workers' compensation benefits.

In 1988 DiQuinzio filed a complaint against Panciera, Mastantuono, and Charlestown, seeking judgment against them jointly and severally for his damages. He alleged that the operators of both vehicles had been negligent. DiQuinzio did not name Brownell as a defendant, however, because as DiQuinzio's coemployee, he is immune from such suit pursuant to the exclusivity provision of the Rhode Island Workers' Compensation Act (WCA), specifically G.L.1956 (1986 Reenactment) § 28–29–20.

In Charlestown and Mastantuono's answer to DiQuinzio's complaint, they asserted a cross-claim against Panciera, claiming that Panciera would be liable to them for contribution and/or indemnification if they were found liable to DiQuinzio. In Panciera's answer to the cross-claim, it demanded judgment against Mastantuono and Charlestown "for all sums for which defendants are found liable to plaintiff[.]" Subsequently, by order of the court Panciera was permitted to file a cross-claim against Mastantuono and Charlestown.

The parties proceeded to conduct discovery. In April 1991 Panciera moved for summary judgment, claiming that no evidence of direct negligence on its part had been established. Assuming for purposes of its motion that Brownell was negligent in operating its vehicle, Panciera argued that leasing a vehicle to one whose employee had negligently operated the leased vehicle did not establish negligence on its part. Panciera also contended that the automobile lessor-liability statute, G.L.1956 (1982 Reenactment) § 31–34–4, was inapplicable to cases in which the vehicle's operator could not be held liable for negligence.

After a hearing at which plaintiff's counsel conceded that there was "no independent actionable negligence against Panciera," the motion justice granted Panciera's motion for summary judgment. The motion justice also subsequently granted Mastantuono and Charlestown's motion to amend their cross-claim.

In the amended cross-claim that they filed in June 1991, Mastantuono and Charlestown specifically claimed that Panciera was liable as a joint tortfeasor pursuant to § 31–34–4 for Brownell's negligence in the operation of the motor vehicle. They also asserted that in the lease agreement with the state, Panciera had waived any right to indemnity to the extent of the insurance coverage it promised to provide.

In *DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40 (R.I.1992), we affirmed the Superior Court's entry of summary judgment for Panciera with respect to DiQuinzio's claim against it. We held that because Brownell was immune from suit pursuant to the exclusive-remedy provision of the WCA, his coemployee DiQuinzio could not pursue a claim under the automobile lessor-liability statute against Panciera based on Brownell's alleged negligence. *See id.* at 43, 44. We expressly stated that DiQuinzio could not pursue a right to recovery grounded in the wrongful conduct of an entity that § 28–29–20 immunizes from suit. *See* 612 A.2d at 42, 43, 44. We further noted that Panciera would lack a common-law right of indemnity against Brownell because of Brownell's workers' compensation immunity. *See id.* at 44 n. 3.

In regard to the automobile lessor-liability statute, we interpreted it to impose vicarious liability on the owner-lessor based on the negligence of the vehicle's operator. *See id.* at 43. That statute provides that an owner of a for-hire motor vehicle shall be jointly and severally liable with the vehicle's operator "for any damages caused by the negligence of any person operating the vehicle by or with the permission of the owner." *See* § 31–34–4. We clarified that § 31–34–4 does not create an independent substantive basis for the owner-lessor's liability and that the owner-lessor is not a tortfeasor except by way of this vicarious liability. *See DiQuinzio*, 612 A.2d at 43, 44. Therefore, DiQuinzio was precluded from recovering from Panciera pursuant to § 31–34–4 because Brownell was immune from suit. *See* 612 A.2d at 44. DiQuinzio also could not pursue a direct claim against Panciera because there was no evidence that Panciera had committed any independent negligence. *See id.*

Later in 1992, a second motion justice denied Panciera's motion for summary judgment against Mastantuono and Charlestown's

cross-claim because in her view the issue was not identical to that adjudicated in *DiQuinzio*. She stated at the hearing on this motion that the issue in *DiQuinzio* was whether a plaintiff who has elected to receive workers' compensation benefits can pursue a claim against a third party grounded in "joint and several liability along with the employer, who is immune under [§ 28–29–20]." The issue before her, she reasoned, was whether codefendants Mastantuono and Charlestown were precluded from bringing a claim for contribution and/or indemnification against Panciera because of plaintiff's recovery of workers' compensation benefits.

The motion justice emphasized that this court held that Panciera had not been immunized from suit pursuant to § 28–29–20. She also stated that "[t]he Court did not intend to immunize Panciera from all possible claims by other parties. The co-defendants' claims are not based on workers' compensation, nor are Mastantuono and Charlestown receiving workers' compensation benefits. Additionally, their claims are unrelated to the plaintiff's workers' [compensation] claims." She further recognized that § 31–34–4 does not impute liability to the lessor without evidence of actionable negligence on the driver's part if the lessor is negligence-free. She concluded that *DiQuinzio* did not control here and that a material issue of fact remained to be resolved—whether Brownell had negligently operated the leased vehicle. She explained that § 31–34–4 "absent independent negligence by the lessor, does not impute liability [to] the lessor without evidence of actionable negligence on the part of the driver. However, a determination of such facts [is] for a fact finder or jury and not for the Court where a trial has been claimed."

In this court Panciera argues that the Superior Court justice should have granted its motion for summary judgment with respect to the cross-claim of its codefendants. It asserts that no action for indemnity may lie and that codefendants are not entitled to contribution from it because it cannot be a joint tortfeasor given our adjudication that it is not liable in tort.

Mastantuono and Charlestown state that the issue is whether Panciera can be held liable in contribution to them. They argue that they cannot seek contribution against Brownell because of his WCA immunity but assert that such immunity is not extended to Panciera. They seem to reargue what was settled by this court in *DiQuinzio* by claiming that although a plaintiff may not be able to pursue a claim against an immunized driver, that plaintiff may sue an owner who is not immunized. They attempt to distinguish *DiQuinzio* on the grounds that this court stated that plaintiff could not sue his coemployee Brownell or Panciera on the basis of vicarious liability for Brownell. They also state that *DiQuinzio* is distinguishable because they are not receiving workers' compensation benefits. Mastantuono and Charlestown aver that as codefendants they need Panciera's additional surety "to effectuate their right to contribution." They claim that if their contribution claim against Panciera is dismissed, Panciera would benefit from the workers' compensation immunity but they would not receive any "reciprocal statutory benefit." They maintain that because § 31–34–4 renders Panciera a joint tortfeasor with Brownell, "it is reasonable to include Panciera as a participant in sharing responsibility for * * * Brownell's negligence * * *."

As we have stated, we do not generally review an order denying summary judgment because that denial is an interlocutory determination and the parties are not entitled to appeal it as a matter of right. *Boucher v. McGovern*, 639 A.2d 1369, 1373 (R.I. 1994). In the limited circumstances in which we do grant a writ of certiorari to review a denial of a motion for summary judgment, we apply the same standard of review as we do in those in which we evaluate the granting of a motion for summary judgment on appeal. *See id.* at 1373.

Rule 56(c) of the Superior Court Rules of Civil Procedure provides in pertinent part that

"[t]he [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as [a] matter of law."

The trial court and the Supreme Court on review do not evaluate the credibility of witnesses or the weight of the evidence. *See Palmisciano v. Burrillville Racing Association,* 603 A.2d 317, 320 (R.I.1992); *McPhillips v. Zayre Corp.,* 582 A.2d 747, 749 (R.I. 1990). We consider the pleadings, affidavits, answers to interrogatories, and other materials in the light most favorable to the nonmoving party. *See Palmisciano,* 603 A.2d at 320; *McPhillips,* 582 A.2d at 749. Summary judgment is warranted if no material factual issue exists and the moving party is entitled to judgment as a matter of law. *See DiQuinzio,* 612 A.2d at 44; *see also* Rule 56(c).

Our first level of inquiry involves the question of whether there exists a genuine issue of material fact. The motion justice concluded that a genuine issue of material fact did exist, namely, whether Brownell negligently operated the Panciera vehicle. We differ with this conclusion. This court disposed of this basic question by affirming the first motion justice's granting of Panciera's motion for summary judgment against DiQuinzio. *See DiQuinzio,* 612 A.2d at 41–44. We disagree that the second motion justice was presented with a genuine issue of material fact with regard to the cross-claim of Mastantuono and Charlestown against Panciera. "Genuine issues of material fact do not arise if the purported issues have no bearing on the outcome of a case." *Lippman v. Kay,* 415 A.2d 738, 742 (R.I.1980). We have stated that merely reciting facts sympathetic to the position of an opponent to a motion for summary judgment will not defeat such a motion "unless [the facts] relate to a claim or defense actually maintainable between the parties." *See id.* As we shall explain further below, even if Brownell had been negligent in his operation of the Panciera vehicle, Mastantuono and Charlestown could not recover contribution or indemnification from Panciera on the basis of that negligence. Consequently, this would not be a claim maintainable between the parties.

■ Additionally, we note that the inquiry regarding whether Brownell negligent-ly operated the vehicle, even if it were relevant here, is not purely a question of fact. The existence and scope of a duty of care are questions of law and therefore are for the court. *See Rodrigues v. The Miriam Hospital,* 623 A.2d 456, 461 (R.I.1993); *Mignone v. Fieldcrest Mills,* 556 A.2d 35, 37 (R.I.1989). Whether such a duty of care has been breached and whether proximate cause exists, however, are questions for the finder of fact. *See Rodrigues,* 623 A.2d at 461; *Mignone,* 556 A.2d at 37.

We now address whether Panciera is entitled to judgment as a matter of law. First, we think that the trial justice and Mastantuono and Charlestown misconceive the court's holding and analysis in *DiQuinzio.* Although the trial justice and Mastantuono and Charlestown correctly stated that this court did not extend workers' compensation immunity to Panciera in *DiQuinzio,* this is not dispositive or even relevant. We stated that plaintiff could "not pursue any other right to recovery based on the wrongful conduct of an entity immune from suit under § 28–29–20." *See DiQuinzio,* 612 A.2d at 43. We held that plaintiff's suit grounded in the imputed negligence of the operator pursuant to § 31–34–4 was foreclosed because of Brownell's immunity from suit. *See* 612 A.2d at 44. In other words DiQuinzio was precluded from suing Panciera because the only basis for his claim was to hold Panciera vicariously liable for Brownell's negligence, as no direct evidence of negligence had been established against Panciera. Given Brownell's immunity, however, this was not a viable claim. Similarly, in this case Brownell's immunity from suit also precludes a claim grounded in his negligence.

This case is largely controlled by our opinion in *Boucher.* In *Boucher* we quashed the Superior Court's denial of a motion for summary judgment that the third-party defendant had filed with regard to a third-party complaint seeking contribution and indemnification. *See Boucher,* 639 A.2d at 1371, 1379. The plaintiff was injured as a passenger in a work-related motor-vehicle collision and received workers' compensation benefits. *See id.* at 1371. He sued the driver and the owner of the vehicle that collided with the

vehicle in which he had been riding. *See id.* The driver and the owner impleaded the plaintiff's coemployee, seeking contribution and indemnification. *See id.* at 1371. The Superior Court denied the third-party defendant's motion for summary judgment. *See id.* We directed the Superior Court to grant the third-party defendant's motion. *See id.* at 1379.

In regard to the claim for contribution, we held that because not all the requirements for contribution were present, contribution was unavailable to the defendants. *See id.* at 1376. Specifically, we adhered to our well-established interpretation of G.L.1956 (1985 Reenactment) § 10–6–3 that common liability is required for contribution to be available. *See Boucher,* at 1374. As we have stated, the right to contribution is derivative and contribution is unavailable " 'unless the injured person has a right of action in tort against both the party seeking contribution and the party from whom contribution is sought.' " *See id.* (quoting *Cacchillo v. H. Leach Machinery Co.,* 111 R.I. 593, 595, 305 A.2d 541, 542 (1973)). Because of the third-party defendant's WCA immunity as a coemployee, the plaintiff had no right of action against the party from whom contribution was sought and, therefore, no contribution could be sought from her. *See Boucher,* at 1371–72, 1374–76.

█ Similarly, in the case at bar we have determined that the injured person has no right of action in tort against Panciera, the party from whom contribution is sought by Mastantuono and Charlestown. *See DiQuinzio,* 612 A.2d at 44. Therefore, Panciera is entitled to judgment as a matter of law with regard to the contribution cross-claim of its codefendants.

█ As far as indemnification is concerned, in *Boucher* we analyzed whether a contract for indemnification existed. *See Boucher,* 639 A.2d at 1376. In that case the answer was in the negative. *See id.* The answer is in the affirmative in this case, but the contract is not between Panciera and codefendants. The indemnification agreement is contained in the lease from Panciera to the State of Rhode Island with regard to the leased vehicle. In the lease, the state as

lessee agrees to defend, indemnify, and hold Panciera as lessor harmless with regard to "any and all losses, liabilities, damages, injuries, claims, demands, cost[s], and expenses, arising out of or connected with the possession or use of the vehicle during the rental term (except those covered by the insurance provided hereunder by [Panciera] )," among other things. Thus, the employer, who has never been named as a party to this action and enjoys the same workers' compensation immunity as does Brownell, has agreed to indemnify Panciera. Panciera did not agree to indemnify the employer or any party to this action.

This court has allowed an exception to the exclusive-remedy provision when there is "an expressed contractual obligation" between the indemnitor and indemnitee. *See Fish v. Burns Brothers Donut Shop, Inc.,* 617 A.2d 874, 875 (R.I.1992) (citing and quoting *Cosentino v. A.F. Lusi Construction Co.,* 485 A.2d 105, 108 (R.I.1984)). In *Cosentino* we permitted a general contractor to pursue a claim for indemnity against a subcontractor with which it had an indemnification agreement even though the general contractor's claim for contribution against the subcontractor, which was the employer of the injured employee, was barred by the exclusivity provision of the WCA. *See Cosentino,* 485 A.2d at 106–08. The facts in the instant case are distinguishable, as no contract for indemnity exists between Panciera and its codefendants. We therefore conclude that there is no contractual basis upon which Mastantuono and Charlestown would be entitled to indemnification from Panciera.

In regard to any equitable right to indemnity, our analysis is the same as in *Boucher.* Because the prospective indemnitor, Panciera, is not liable to the same third party as the prospective indemnitees, the elements of equitable indemnity are not met. *See Boucher,* 639 A.2d at 1376–77. Therefore, Mastantuono and Charlestown are not entitled to indemnification from Panciera according to equitable principles.

Consequently, the petition for certiorari is granted, and the ruling of the motion justice is quashed. This case is remanded to the

Superior Court with our decision endorsed thereon and with our directions to grant Panciera's motion for summary judgment with regard to the cross-claim of Mastantuono and Charlestown.