Johanna POIRIER

v.

MANPOWER INC. OF PROVIDENCE
et al.

No. 95–581–Appeal.

Supreme Court of Rhode Island.

Feb. 20, 1997.

Daniel R. Sumner, Warwick, for Plaintiff.

Paul Bogosian, Jr., Cranston, Thomas C. Angelone, Providence, for Defendant.

**OPINION**

PER CURIAM.

This case came before the court for oral argument December 5, 1996, pursuant to an order that had directed the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Johanna Poirier, appeals from a summary judgment entered in the Superior Court in favor of defendants, Manpower Inc. of Providence and Rickey J. Houser, by reason of the exclusive-remedy provision of the Workers' Compensation Act, G.L.1956 § 28–29–20. The facts of the case are generally undisputed. The plaintiff was employed by Stanley Bostitch Company (Bostitch). The defendant Rickey J. Houser (Houser), was employed by Manpower Inc. of Providence (Manpower), an employment agency that had assigned Houser to work for Bostitch. Manpower, in support of its motion for summary judgment, filed an affidavit that Bostitch (1) exercised all supervision and control over Houser while he was on assignment to that firm, (2) was solely responsible for instructing Houser on how to complete his assigned tasks, (3) supplied any necessary tools and equipment for Houser in the performance of his assigned tasks, (4) determined the amount of time Houser worked, and (5) had the right to refuse Houser as an assigned employee as well as to recommend the termination of his services. On August

19, 1992, Houser was operating a forklift at Bostitch's premises. The forklift struck a barrel, which in turn struck certain metal plates that fell on plaintiff. Three metal plates weighing 200 pounds each struck plaintiff's left leg. The plaintiff was seriously injured and collected workers' compensation benefits from Bostitch. It is alleged that Bostitch thus far has paid benefits to plaintiff in excess of $65,000.

The plaintiff filed a complaint against Manpower, alleging that it was responsible for the negligence of Houser as its employee. The trial justice found on the record and the affidavit before her that Houser was an employee of both Bostitch and Manpower. She held that pursuant to our decisions in *Sorenson v. Colibri Corp.*, 650 A.2d 125 (R.I.1994), and *DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40 (R.I.1992), the plaintiff could not bring an action against these defendants. Since Houser was an employee of Bostitch during his assignment, he would receive the same immunity from suit as would Bostitch itself pursuant to § 28–29–20, which gives immunity not only to the employer but also to its "directors, officers, agents, or employees." With this determination we are in agreement. Since the complaint alleged liability on the part of Manpower for the negligence of Houser, our opinion in *DiQuinzio* is controlling.

For the reasons stated, the appeal of the plaintiff is denied and dismissed. The summary judgment entered in the Superior Court is affirmed. The papers in the case may be remanded to the Superior Court.