Gail JOHNSON

v.

**WESTERN NATIONAL LIFE INSURANCE CO. et al.**

No. 93–358–Appeal.

Supreme Court of Rhode Island.

April 28, 1994.

Nicholas Gorham, Gorham & Gorham, Providence, for plaintiff.

Thomas C. Angelone, Hodosh Spinella & Angelone, Providence, Robert Fine, Licht & Semonoff, Pawtucket, Paul V. Reynolds, Mark T. Reynolds, (argued), Boyer, Reynolds & DeMarco, Ltd., Providence, for defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court pursuant to an order directing James O'Neill individually and in his capacity as executor of the estate of his late brother, John A. O'Neill, Jr., and as trustee of the John A. O'Neill, Jr., Trust, to appear and show cause why his appeal should not be summarily denied and dismissed. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

The deceased, John A. O'Neill, Jr., an attorney, had entered into a fee-settlement agreement in a case involving Allstate–NESCO. Pursuant to the agreement Allstate was to disburse the attorney's fee award on a monthly basis from January 1987 through December 2001. Allstate purchased an annuity policy from Western National Life Insurance Company (Western) from which the payments would be made. Allstate was designated as the owner of the policy, and John O'Neill, Jr., was designated beneficiary. In the event of John O'Neill, Jr.'s death, the terms of the policy provided payments would be made to James O'Neill.

On January 13, 1989, John O'Neill, Jr., informed Western by letter that he wished to change the beneficiary of the annuity to Gail

Johnson and the John A. O'Neill, Jr., Trust, jointly. Western acknowledged and recorded the change. John O'Neill, Jr., died on September 1, 1989. After his death Western began making annuity payments as O'Neill had requested. A dispute arose about the correct settlement of the annuity payment. On March 16, 1990, Gail Johnson filed a petition for declaratory judgment that the change in beneficiary requested by John O'Neill, Jr., was effective.

The parties filed cross-motions for summary judgment. On May 12, 1993, the trial court granted Johnson's motion and denied the motion of James O'Neill. James O'Neill timely appealed. The trustee and executor argues, however, that John O'Neill, Jr., did not have the power to change the beneficiary and that, therefore, James O'Neill alone is the beneficiary of the annuity.

■ It is well settled that a contract must be considered in its entirety and the words given their plain, ordinary, and usual meaning. *Sentry Insurance Co. v. Grenga,* 556 A.2d 998, 999 (R.I.1989). The main objective of the court when construing contract terms is to determine the intent of the parties. *D.T.P., Inc. v. Red Bridge Properties, Inc.,* 576 A.2d 1377, 1381 (R.I.1990) (citing *Woonsocket Teachers' Guild, Local 951 v. School Committee of Woonsocket,* 117 R.I. 373, 376, 367 A.2d 203, 205 (1976)). If an ambiguity exists, the court will consider the construction placed upon terms by the parties. *D.T.P., Inc.,* 576 A.2d at 1382. The circumstances surrounding the execution of the contract are relevant to the determination of the parties' intent. *Id.*

■ In this case the General Provisions section of the policy provides:

"If the measuring life [John O'Neill, Jr.] dies prior to payment of all installments during the guaranteed period, any remaining payments due shall be paid in accordance with the settlement agreement, as they become due."

The settlement agreement requires that Allstate arrange for payment to John O'Neill, Jr., "his heirs, successors or assigns." It appears, therefore, that the language in the settlement agreement evidences a clear in-

tent by the parties that John O'Neill, Jr., would be able to direct to whom the annuity payments are to be paid. The annuity contract directly refers to the settlement agreement for instructions concerning to whom payments are to be made in the event of the death of John O'Neill, Jr. The trial justice correctly decided that Gail Johnson was entitled to summary judgment in this case.

For these reasons the appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.