Stephen BURKE et al.

v.

Richard M. ST. PIERRE et al.

No. 93–529–A.

Supreme Court of Rhode Island.

June 2, 1994.

Francis P. Castrovillari, Castrovillari & Castrovillari, Providence, for plaintiff.

Kathryn E. Perrotta, Morrison, Mahoney & Miller, Providence, for defendant.

OPINION

PER CURIAM.

This case came before us for oral argument May 13, 1994, pursuant to an order that

directed the plaintiffs to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be summarily decided.

The plaintiffs, Stephen Burke, Brendon Burke, Heather Burke, and B & H Landscaping (B & H), appeal from the entry of a summary judgment in favor of the defendant, ADRAC, Inc., d.b.a. American Discount Rent–A–Car (ADRAC).

The individual plaintiffs were occupying a motor vehicle owned by B & H when they were struck by a vehicle operated by defendant Richard M. St. Pierre (St. Pierre) and owned by ADRAC. The evidence in the case as set forth in the materials in support of the motion for summary judgment was clear in that it was undisputed that ADRAC had not authorized St. Pierre to use or to operate the motor vehicle in question. The automobile had been loaned to St. Pierre by James Yater (Yater), an employee of ADRAC. Yater made this loan without authorization and in direct contravention of company policy without formalizing the loan by any documentation or rental agreement. The trial justice was correct in holding that ADRAC could not be held responsible for the negligence of St. Pierre or the act of Yater in loaning the automobile to St. Pierre outside the scope of his authority. *See Souza v. Narragansett Council, Boy Scouts of America*, 488 A.2d 713, 715 (R.I.1985); *Brimbau v. Ausdale Equipment Rental Corp.*, 119 R.I. 14, 26, 376 A.2d 1058, 1064 (1977); *see also Sabourin v. LBC, Inc.*, 731 F.Supp. 1145, 1149 (D.R.I.1990) (holding the corollary thereto that a defendant is not vicariously liable for an employee's act outside the scope of his employment). We have recognized that the liability of a rental-car company for the operation of its vehicle pursuant to G.L. 1956 (1982 Reenactment) § 31–34–4 requires that the owners must give permission to the operator in order for the company to be vicariously responsible. *DiQuinzio v. Panciera Lease Co.*, 612 A.2d 40, 43 (R.I.1992).

Consequently the trial justice was correct in granting summary judgment in favor of ADRAC. The appeal of the plaintiffs is denied and dismissed. The judgment entered in the Superior Court is affirmed.