**Karen SPRATT, et al.,**

v.

**James E. FORBES and Ryder Truck Rental, Inc.**

**No. 96–407–Appeal.**

Supreme Court of Rhode Island.

Dec. 5, 1997.

Paul S. Cantor, Providence.

Edward Grourke, Pawtucket.

**ORDER**

On November 18, 1997, this case came before a three member panel of the Supreme Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues presented should not be summarily decided. After hearing the parties' arguments and reviewing their memoranda, we conclude that cause has not been shown and we will proceed to decide the appeal at this time. The facts insofar as pertinent to this appeal are not in controversy.

The plaintiffs, Karen E. Spratt and Sharon Parsons, were injured when an automobile in which Spratt was a passenger and Parsons was the driver was involved in a rear end collision with a rental truck owned by defendant Ryder Truck Rental, Inc. (Ryder) and driven by defendant James E. Forbes (Forbes). The rental truck in question was leased by Ryder to a customer named Kaawa/Quiann Johnson (Johnson).[1] It is undisputed that although Forbes was not listed in the rental agreement as a driver of the rental truck he drove it with the permission of Johnson.

The plaintiffs filed a personal injury action in Superior Court against Forbes and Ryder alleging that Ryder as the owner of a leased vehicle was liable to plaintiffs pursuant to G.L. 1956 § 31–34–4. Ryder moved for summary judgment on the ground that Forbes did not have Ryder's permission to operate the truck and therefore Ryder was not liable. The motion justice granted the motion for summary judgment. We reverse.

Summary judgment is a drastic remedy and is only available when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See DiQuinzio v. Panciera Lease Co., Inc.,* 612 A.2d 40 (R.I.1992). The issue presented in this case relates solely to a question of contract interpretation, which is a question of law.

Section 31–34–4 makes the owner-lessor of a rental vehicle jointly and severally liable with any person who operates the vehicle with the owner-lessor's permission. This court has previously recognized that permissive use may be actual or constructive. *Id.* In this case we are persuaded that Ryder granted constructive permission to Johnson to allow Forbes to drive the truck.

We note that the rental agreement contains no express prohibition against anyone other than the lessor from operating the truck. *See Diaz v. Avis Rent–A–Car System, Inc.,* 618 A.2d 1263 (R.I.1992). Indeed plaintiffs point to the language of the contract which provides that "[c]ustomer agrees that the vehicle will not be used * * * by any person who is not properly licensed and qualified, or by any person under the age of 18." The plaintiffs allege and we agree that the only fair inference to be drawn from this language is that the customer may allow properly licensed and qualified persons to operate the vehicle as long as they are eighteen years of age or older.

Ryder points to another provision in the contract which provides that "[c]ustomer

---

1. There is some confusion over the name of the authorized driver. The rental agreement refers to both "Quiann" and "Kaawa" Johnson. Both parties agree, however, that they are the same person.

agrees not to sublease or relet the vehicle." Ryder suggests this language should be construed as an express prohibition against any person who is not listed as a driver from operating the vehicle. We decline to do so. It is well settled that a contract must be considered in its entirety and words in the contract must be given their plain and ordinary and usual meaning. *Johnson v. Western National Life Insurance*, 641 A.2d 47, 48 (R.I.1994). The words, "sublease" and "relet" are related to commercial transactions, usually involving real estate, and in accordance with their plain and ordinary meaning do not prohibit the lessor from allowing another person to operate the vehicle. We conclude that the use of the vehicle by Forbes was with the constructive permission of Ryder.

The appeal is therefore, sustained and the summary judgment entered by the Superior Court is vacated. The papers in this case are remanded to the Superior Court for further proceedings.

WEISBERGER, C.J., and FLANDERS, J., did not participate.