Ruth LaFRATTA

v.

**RHODE ISLAND PUBLIC TRANSIT AUTHORITY et al.**

Kimberly F. Rhodes

v.

Bryant E. Barnes et al.

No. 99–286–Appeal.

Supreme Court of Rhode Island.

May 31, 2000.

Robert D. Goldberg, Pawtucket, Thomas D. Goldberg, Stamford, CT, for plaintiff.

Paul S. Callaghan, Providence, Amy Vignali Coleman, Richmond, VA, Robert J. Dumouchel, Providence, James E. Kelleher, Warwick, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on May 9, 2000, pursuant to an order directing the parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and considering the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The plaintiffs, Ruth LaFratta (LaFratta) and Kimberly Rhodes (Rhodes) (collectively referred to as plaintiffs), appeal from the entry of summary judgment in favor of the defendant, Budget Rent–A–Car Systems (defendant or Budget).[1]

The action arose out of an automobile collision in which one defendant, Bryant E. Barnes (Barnes), the driver of a motor vehicle owned by Budget and rented by another defendant, Noel D. James (James), rear-ended a bus owned by a third defendant, Rhode Island Public Transit Authority (RIPTA). The plaintiffs, passengers on the bus at the time of the accident, suffered personal injuries as a result of the collision. LaFratta filed her complaint against RIPTA, the driver of the bus, Budget, and Barnes on May 7, 1997, in Rhode Island Superior Court. Rhodes filed her complaint against Barnes and Budget on June 2, 1997. Both plaintiffs alleged that Barnes negligently operated the vehicle owned by Budget. Budget and RIPTA subsequently filed cross-claims against each other. Following a long period of discovery, Budget filed a motion for summary judgment on the grounds that it did not consent to Barnes operating its vehicle, and, therefore, defendant was entitled to judgment as a matter of law. A justice of the Superior Court granted Budget's motion and entered judgment against plaintiffs on May 3, 1999. The plaintiffs appeal from this judgment.

The sole issue on appeal is whether the motion justice erred in grant-

1. *LaFratta v. Rhode Island Public Transit Authority et al.* (PC 97–2196) was consolidated with *Rhodes v. Bryant E. Barnes et al.* (PC 97–2691) on January 21, 1999. Both cases are now before the Court on appeal.

ing Budget's motion for summary judgment. "This Court reviews the granting of a motion for summary judgment on a *de novo* basis." *Macera Brothers of Cranston, Inc. v. Gelfuso & Lachut, Inc.,* 740 A.2d 1262, 1264 (R.I.1999). This Court will review and evaluate "case pleadings, affidavits, admissions, answers to interrogatories, and other case file materials in the light most favorable to the nonmoving party" to determine whether there exists a genuine issue of material fact, or whether the moving party is entitled to judgment as a matter of law. *Lopes v. Phillips,* 680 A.2d 65, 66 (R.I.1996). After reviewing the record in the instant case, we are of the opinion that the trial justice did not err in granting defendant's motion for summary judgment.

The plaintiffs argue that a genuine issue of material fact exists as to whether Barnes had actual or constructive permission to operate the vehicle owned by Budget. General Laws 1956 § 31–34–4 governs the liability of rental-car companies. Section 31–34–4 provides in pertinent part:

> "Any owner of a for hire motor vehicle or truck who has given proof of financial responsibility * * * shall be jointly and severally liable with any person operating the vehicle for any damages caused by the negligence of any person *operating the vehicle by or with the permission of the owner.*" (Emphasis added.)

This Court previously stated that "[b]oth the contract of rental and the provisions of * * * § 31–34–4 predicates the liability of the owner of a rental vehicle upon the condition that the person driving the automobile must do so with the permission of the owner." *Diaz v. Avis Rent–A–Car System, Inc.,* 618 A.2d 1263, 1263 (R.I. 1992).

The requirement in § 31–34–4 for permissive operation establishes an agency relationship between the owner-lessor of a for-hire motor vehicle and the operator of such a vehicle. *See DiQuinzio v. Panciera Lease Co.,* 612 A.2d 40, 43 (R.I.1992). If Budget has not given either its actual or constructive permission for Barnes to operate the vehicle, there can be no agency relationship between Barnes and Budget, and Barnes's liability for the alleged negligent operation of the vehicle cannot be imputed to Budget. Pursuant to the terms of the rental agreement, Budget did not give its actual permission for Barnes to operate the vehicle. The rental agreement provides in pertinent part:

> "2) AUTHORIZED DRIVERS: *Only the Renter and the following people* who have a valid driver's license, [and] have Renter's *express permission* to operate the Vehicle * * * are 'Authorized Drivers':
>
> A. Renter's spouse;
>
> B. Renter's employer, employees, or co-workers while engaged in a business activity with Renter; and
>
> C. 'Additional Drivers' named on the front of this Agreement.
>
> "3) USE RESTRICTIONS: The Vehicle will not be used or operated by anyone:
>
> A. who is not an Authorized Driver * * *."

On the front of the rental agreement in the space provided for "Additional Drivers," there was "none" listed. Therefore, we must now decide whether Barnes possessed constructive permission to operate the vehicle.

In *Spratt v. Forbes,* 705 A.2d 991 (R.I. 1997), this Court vacated summary judgment because the rental agreement contained no express prohibition as to who could operate the vehicle. Therefore, the owner-lessor was deemed to have given its constructive permission when the renter-lessee gave a third party permission to operate the vehicle. *Id.* at 991–92. The instant case is distinguishable. Here, the rental agreement contained certain prohibitions—only "Authorized Drivers" had Budget's permission to operate the vehicle, and they were expressly limited to the renter, the renter's spouse, employees, employer, or co-workers, or any additional

drivers listed on the front of the rental agreement. No additional drivers were so listed.

■ The plaintiffs assert that a genuine issue of material fact exists as to whether Barnes was either James's employer, employee, or co-worker, and that defendant bears the burden of proving that he was not.[2] The plaintiffs contend that G.L.1956 § 31–33–7 places the burden of proving a lack of consent to operate the vehicle on defendant, and that Budget has not satisfied its burden.[3] To the extent that § 31–33–7 may be applicable to the instant case, we disagree with plaintiffs that defendant has not met its burden. The defendant raised lack of consent in its answer, and the rental agreement provided the requisite proof. Furthermore, the party opposing the motion for summary judgment "carries the burden of proving by competent evidence the existence of a disputed material fact and cannot rest on the allegations or denials in the pleadings or the conclusions or on legal opinions." *Macera Brothers*, 740 A.2d at 1264. The next step for the Court, then, is to determine whether, in the light most favorable to the non-moving party, a genuine issue of material fact exists.

The plaintiffs have offered no evidence that Barnes may have been an employer, employee, or co-worker of James. In support of their argument that a genuine issue of material fact exists, plaintiffs rely on the divergent and contradictory testimony of James and Barnes about how Barnes came into possession of the vehicle. Specifically, they cite portions of Barnes's testimony in which he states that he found the keys under the mat of the car, and James's testimony in which he states that Barnes came into his bedroom and took the keys

while he was sleeping. The plaintiffs make further reference to Barnes's testimony, in which he states that someone by the name of "Chicken" told him that the car had to be returned to Budget. Also, in a signed statement, Barnes stated that he was with James the night before and knew that the car had to be returned.

While the contradictory testimony suggests a genuine issue of fact with respect to whether James gave Barnes his permission to take the car, defendant's liability under § 31–34–4 is predicated upon whether Barnes was an authorized driver of the vehicle. After reviewing the evidence in the light most favorable to the plaintiffs, we are of the opinion that there was competent evidence to suggest that he was not. During James's deposition, plaintiffs' attorney elicited the following information:

"Q. And where are you employed, sir?

"A. Talone Construction.

" * * *

"Q. How long have you worked for them?

"A. I worked for Talone Construction about—over three years now.

" * * *

"Q. How long have you known [Barnes]?

"A. About seven, eight years.

"Q. And how is it you first met him?

"A. Through a friend.

"Q. Was that a friend through work or school or family or an organization you belong to or anything like that?

"A. No, just someone I met outside, and I got introduced to him one way or the other, that was it.

" * * *

---

**2.** It is undisputed that Barnes was not James's spouse, nor was he listed as an additional driver on the front of the rental agreement.

**3.** General Laws 1956 § 31–33–7 provides:
"In all civil proceedings, evidence that at the time of the accident or collision the motor

vehicle was registered in the name of the defendant, shall be prima facie evidence that it was being operated with the consent of the defendant, and the absence of consent shall be an affirmative defense to be set up in the answer and proved by the defendant."

"Q. And how long a period was that where you would hang around together?
"A. Well, I wouldn't call it—I wouldn't say we hung around weekly. I didn't make it part of my hobbies to go hang out with him * * *. He's somebody I seen out there and I just—that was about it."

This testimony indicates that Barnes was no more than a casual acquaintance of James, and certainly not a co-worker, employee, or employer. In addition, James submitted an affidavit asserting that Barnes did not have permission to operate the vehicle.

It is well-established that in order for a rental-car company to be vicariously liable for the negligent operation of its vehicle, § 31–34–4 requires the owner to give permission to the operator. *See Burke v. St. Pierre*, 642 A.2d 671, 672 (R.I.1994); *Diaz*, 618 A.2d at 1263; *DiQuinzio*, 612 A.2d at 43. In *Burke*, 642 A.2d at 672, the automobile in question had been loaned to the operator by an employee of the rental-car company without previous approval or authorization by the rental-car company and without a formal rental contract. This Court found that the rental-car company could not be held responsible for the negligence of the operator or the act of the employee in lending the vehicle to the operator. *See id.* Under this reasoning, we conclude that the defendant is not responsible for Barnes's negligent operation of the vehicle because he took the car without Budget's actual or constructive permission.

Consequently, the trial justice did not err in granting summary judgment in favor of Budget. The plaintiffs' appeal is denied, and the judgment of the Superior Court is hereby affirmed. The papers in the case may be remanded to the Superior Court.

Justice GOLDBERG did not participate.