**Marguerite ANDREONI et al.**

v.

**Aaron AINSWORTH et al.**

**No. 2005–255–Appeal.**

Supreme Court of Rhode Island.

June 9, 2006.

Brandon S. Bell, for Plaintiffs.

Steven D. DiLibero, for Defendants.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

### OPINION

Chief Justice WILLIAMS, for the Court.

In this negligence suit stemming from an automobile accident, the plaintiffs, Marguerite Andreoni (Marguerite), Lauren Andreoni (Lauren), and Candace Dufresne (Candace) (collectively plaintiffs), appeal

from an entry of summary judgment in the Superior Court in favor of two of the defendants, Carolyn Ainsworth (Carolyn) and Volvo Finance North America (Volvo) (collectively defendants). This case came before the Supreme Court for oral argument on March 1, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth in this opinion, we reverse the entry of summary judgment.

## I

## Facts and Travel

On February 16, 2001, at the intersection of Dorrance and Washington Streets in Providence, an automobile operated by Aaron Ainsworth (Aaron),[1] the son of Carolyn, collided with another automobile owned by Marguerite and operated by Lauren, in which Candace was a passenger. The automobile operated by Aaron was owned by Volvo and leased to Carolyn, who registered it in her name.[2] The plaintiffs brought suit against defendants asserting that Aaron's negligent operation of the automobile caused property damage to Marguerite's car and physical injuries to both Lauren and Candace.

Pointing to Carolyn's deposition testimony and a sworn affidavit, in which Carolyn stated that Aaron did not have her permission to use her leased automobile, defendants moved for summary judgment. The motion justice characterized Carolyn's assertion that Aaron used her automobile without permission as "insistent and consistent," and he found fault with plaintiffs' failure to locate and depose Aaron in order to contradict his mother's statements, or to make a motion pursuant to Rule 56(f) of the Superior Court Rules of Civil Procedure. In opposition to defendants' motion, plaintiffs argued first that Carolyn had given Aaron implied consent to use the car, and second, that plaintiffs had made out a prima facie case of consent pursuant to a Rhode Island statute because the automobile was registered in Carolyn's name.

The motion justice granted defendants' motion for summary judgment, finding that plaintiffs had failed to create an issue of fact as to whether Aaron had permission to use Carolyn's automobile. The plaintiffs now appeal.

## II

## Analysis

 "This Court reviews the granting of summary judgment *de novo* and applies the same standards as the motion justice." *DeCamp v. Dollar Tree Stores, Inc.*, 875 A.2d 13, 20 (R.I.2005). "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." Super. R. Civ. P. 56(c). As we view the evidence in

---

1. Aaron Ainsworth is also a named defendant in this dispute. The Superior Court entered default against him after he failed to answer plaintiffs' complaint and, therefore, he is not a party to this appeal.

2. Although the record appears to be silent on this precise fact, it is uncontroverted that the automobile in question was leased to Carolyn. At oral argument before this Court, defendants did not contest the fact that the automobile was registered in Carolyn's name. *See infra* note 4.

the light most favorable to the nonmoving party, that party must demonstrate " 'by competent evidence the existence of a disputed material issue of fact and cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions.' " *DeCamp*, 875 A.2d at 20.

Contesting the motion justice's entry of summary judgment, plaintiffs ground their appeal on the statutory language of G.L. 1956 § 31–33–7, which governs proof of consent to operate a motor vehicle. The defendants contend that summary judgment is appropriate because the only evidence in this case on the material issue of consent is Carolyn's affidavit, in which she states that she did not give Aaron permission to operate her automobile.

> Section 31–33–7 reads in its entirety:
> "In all civil proceedings, evidence that at the time of the accident or collision the motor vehicle was registered in the name of the defendant, *shall be prima facie evidence* that it was being operated with the consent of the defendant, and the absence of consent *shall be an affirmative defense* to be set up in the answer and proved by the defendant." [3] (Emphases added.)

Many years ago, this Court recognized the legislative intent behind the language of § 31–33–7:

> "[T]he legislature evidently believed that greater justice would be done in this class of cases by eliminating the ordinary defenses under the law of agency

and placing the burden of proof of consent upon the owner of a motor vehicle registered in his [or her] name if he [or she] saw fit to permit another, not his [or her] lessee or bailee, to operate such vehicle with his [or her] consent on a public highway." *Kent v. Draper Soap Co.*, 75 R.I. 30, 35, 63 A.2d 571, 574 (1949).

This legislative intent was inferred from both the statutory language and the practical notion that knowledge of consent normally would be "in the control of the defendant" and, therefore, "would ordinarily be unknown to the plaintiff and often very difficult [to] ascertain[ ]." *Id.*[4]

Applying this statutory language in the context of reviewing the denial of a motion for directed verdict (now titled a motion for judgment as a matter of law), we have said that "rarely under this statute can it be ruled as a matter of law that an affirmative defense has been made out or that a prima facie case under the statute has been overcome." *Id.* at 37, 63 A.2d at 575; *see also Avedesian v. Butler Auto Sales, Inc.*, 93 R.I. 4, 13, 170 A.2d 604, 608 (1961) (stating "evidence that the vehicle was registered in the defendant's name was enough to take the question of consent to the jury"); *Gemma v. Rotondo*, 62 R.I. 293, 301, 5 A.2d 297, 301 (1939) (concluding that ordinarily a jury would determine whether a defendant's affirmative defense of lack of consent overcomes a plaintiff's statutory prima facie case).[5] A lack of

---

3. The defendants do not challenge the applicability of G.L.1956 § 31–33–7 in their brief to this Court.

4. When confronted with *Kent v. Draper Soap Co.*, 75 R.I. 30, 63 A.2d 571 (1949), at oral argument before this Court, counsel for defendants forthrightly conceded that he could not craft an argument positing that the entry of summary judgment in this case could be affirmed in the face of that language.

5. The fact that the above cases all analyze the denial of a motion for directed verdict does not render them inapplicable to this analysis of an entry of summary judgment. In fact, we have compared the standards for summary judgment and directed verdict in the past and have noted that "little difference" exists between the two, "save the point in the proceeding wherein such motions will be considered." *Palmisciano v. Burrillville Racing Association*, 603 A.2d 317, 320 (R.I.1992).

consent under § 31–33–7 is difficult to prove as a matter of law because the statute provides for the creation of prima facie evidence of consent. Under ordinary circumstances, "prima facie evidence remains in the case throughout the trial and is entitled to be weighed like any other evidence upon the question of fact as to consent." *Kent,* 75 R.I. at 36–37, 63 A.2d at 575.

In applying statutory language in effect identical to § 31–33–7, we previously have reversed a trial justice's entry of a directed verdict in the directly analogous case of *Hill v. Cabral,* 62 R.I. 11, 19, 2 A.2d 482, 485 (1938).[6] The sole issue on appeal in that case pertained to whether the son of a defendant operated that defendant's automobile "without her knowledge and against her express refusal to allow him to use it." *Id.* at 13, 2 A.2d at 483. The testimony of both the mother and the son indicated he did not have permission to use his mother's automobile; this testimony was corroborated further by other witnesses. *Id.* at 13–14, 2 A.2d at 483. In the face of this evidence, this Court took "into account the *prima facie* evidence created by [the] statute," and we held that "a question of fact on conflicting evidence was presented in this case, which was for the jury to determine." *Id.* at 19, 2 A.2d at 485. We also offered the caveat that "[i]t is possible that, in some rare and exceptional case, facts may be disclosed in evidence which will prove as a matter of law the defense" of lack of consent. *Id.*[7]

■ Turning to the facts of this case, defendants do not dispute plaintiffs' contention that the automobile operated by Aaron was, in fact, registered in Carolyn's name at the time of the accident. Pursuant to § 31–33–7, therefore, plaintiffs have offered a prima facie case that Aaron oper-

---

6. *Hill v. Cabral,* 62 R.I. 11, 2 A.2d 482 (1938), quotes the following statutory language:

"Whenever any motor vehicle shall be used, operated, or caused to be operated upon any public highway of this state and an action is begun to recover damages for injuries arising to the person or to the property or for the death of a person, arising out of an accident or collision in which that motor vehicle was involved, evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be *prima facie* evidence that it was then being operated by and under the control of a person for whose conduct the defendant was wholly responsible, and absence of such responsibility shall be an affirmative defence to be set up in the answer and proved by the defendant; and for the purposes of this act the term 'owner' shall include the legal title holder thereof and any person, firm, copartnership, association or corporation having the lawful possession or control of a motor vehicle under a written sale agreement." *Id.* at 15–16, 2 A.2d at 484 (quoting P.L. 1933, ch. 2046, § 10).

7. An example of such a case may be found in *LaFratta v. Rhode Island Public Transit Authority,* 751 A.2d 1281 (R.I.2000), a case that the motion justice referenced when he entered summary judgment in favor of defendants in this case. We qualify our discussion of *LaFratta* and § 31–33–7 here because *LaFratta* prefaced its analysis with the disclaimer, "[t]o the extent that § 31–33–7 may be applicable to the instant case * * *." *LaFratta,* 751 A.2d at 1284. The dispute in *LaFratta* involved an automobile accident in which one of the vehicles was owned by a car rental agency, rented by one person, and driven by another. *Id.* at 1282. The driver of that automobile, however, was not authorized under the rental agreement to operate that automobile. *Id.* at 1283–84 & n. 2. That case, therefore, affirmed the entry of summary judgment in favor of the car rental agency. *Id.* at 1285. A situation in which a car rental agency expressly limits who is allowed to drive its vehicle, therefore, may be the rare and exceptional case that proves the affirmative defense of lack of consent as a matter of law. In any event, the facts of *LaFratta* are easily distinguishable from the facts of this case and, thus, it does not require us to uphold the entry of summary judgment in favor of defendants.

ated the automobile with Carolyn's consent.

In turn, Carolyn's sworn statements to the contrary—that Aaron did not have permission to use her automobile—are relevant to her attempt to establish her affirmative defense under § 31–33–7, but they are not sufficient to prove that defense at the summary judgment stage. In *Hill*, the owner's testimony and driver's testimony demonstrating the driver operated the automobile without consent, which also was corroborated by the testimony of two other witnesses, was insufficient to override as a matter of law the statutory prima facie case created by the registration of the automobile. *Hill*, 62 R.I. at 18–19, 2 A.2d at 485. By analogy, Carolyn's sworn but uncorroborated statements indicating Aaron operated the automobile without her consent are insufficient to override as a matter of law the plaintiffs' statutory prima facie case.

We hold that the motion justice erred when he found that a genuine issue of material fact did not exist with respect to whether Aaron had permission to operate the automobile registered in Carolyn's name; in accordance with § 31–33–7, the registration of the automobile created prima facie evidence that Aaron operated the automobile with Carolyn's consent.

## Conclusion

For the foregoing reasons, we reverse the judgment of the Superior Court. The record shall be remanded to the Superior Court.