**Supreme Court**

No. 2012-198-Appeal.
(PC 08-4046)

Maria Marble                 :

        v.                    :

John Faelle et al.           :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Maria Marble                    :

v.                        :

John Faelle et al.                :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Goldberg, for the Court.**  The plaintiff, Maria Marble (Marble or plaintiff), suffered injuries when she was struck by a vehicle operated by the defendant John Faelle (Faelle), owned by the defendant Hertz Corporation (Hertz), and purportedly rented to the defendant Anthony Carroccio (Carroccio).[1]  Hertz filed a motion for summary judgment, contending that it did not consent to Faelle's operation of the vehicle and that, alternatively, a federal statute, 49 U.S.C. § 30106, known as the Graves Amendment, precludes recovery against Hertz.  The Superior Court justice granted Hertz's motion.  We reverse and remand for trial.

**Facts and Travel**

On December 28, 2007, Marble exited a Rhode Island Public Transit Authority (RIPTA) bus, which had been traveling southbound on Reservoir Avenue in Cranston.  It was about 7 p.m.; she was dressed in black, and she attempted to cross the street, west to east, without using a crosswalk.  When she reached the northbound lane, Marble was struck by a 2007 Dodge Charger registered to Hertz and driven by Faelle.  According to one witness, the force of the

---

[1] The Rhode Island Public Transit Authority (RIPTA) is also a named defendant.

accident caused Marble to go onto the hood of the car and then land hard on the pavement. Marble was taken to the emergency room, where hospital staff determined that she had non-life-threatening injuries.

The plaintiff filed a complaint against Faelle in June 2008. In later amendments to the complaint, she added Hertz, RIPTA, and Carroccio as defendants. Hertz denied the allegations, and included lack of consent as an affirmative defense in its answer. In 2009, Hertz brought its first motion for summary judgment, which was denied without prejudice by a justice of the Superior Court. Hertz brought a second motion for summary judgment in 2011, which was decided by a second justice of the Superior Court. In that motion, Hertz contended that it did not consent to Faelle's operation of the vehicle and, alternatively, that 49 U.S.C. § 30106, the Graves Amendment, precludes recovery against it. To support its motion, Hertz attached five exhibits to its memorandum. Exhibit A was a "rental record" between Hertz and Carroccio. Exhibit B was the Operator Information Sheet from the Cranston Police Department relating to the accident. Exhibit C was a "rental agreement," purporting to contain the terms and conditions of Carroccio's rental. Exhibit D was the affidavit of Stephen P. Camerano (the Camerano affidavit), which had one exhibit attached to it.[2] Exhibit E was Faelle's statement included in the accident report.

The documents most key to this appeal are the rental record and the Camerano affidavit. The rental record reflects that, on December 18, 2007, Carroccio rented a vehicle from Hertz, which he was to return on January 1, 2008. The vehicle listed, however, is a 2008 Toyota Prius. Nonetheless, the Camerano affidavit asserts that "pursuant to the rental record attached hereto

---

[2] Two things about exhibit D are noteworthy. First, the exhibit attached to the affidavit is the same document as exhibit A attached to the memorandum (the rental record), minus the first page. Second, on the second page of Hertz's supporting memorandum (the pages are unnumbered), exhibit D is described as "the Affidavit of Juan Samayoa."

Anthony Carroccio rented a 2007 Dodge Charger from Hertz * * *." With respect to the issue of Hertz's consent, the four-page rental record states, "No 'additional authorized operators' without our prior written approval." Additionally, the section of the rental record delineating the estimated charges for the rental provided that "fees for any additional authorized operators [are] not included"; the corresponding line omits a dollar figure, unlike other lines. Finally, the terms and conditions of the "rental agreement" exhibit contain the following provision:

> "Who May Operate the Car
> Only You and the following persons, with Your permission ('Authorized Operators'), may operate the Car: * * * (c) for rentals other than Replacement Rentals, any other person who meets Hertz's qualifications and who signs an Additional Authorized Operator form at the time of rental or who is authorized under Your Hertz CDP number, if any, shown on the Rental Record."[3]

Hertz argued that these documents establish that it did not consent to Faelle's operation of the 2007 Dodge Charger that struck plaintiff. Alternatively, Hertz argued that that 49 U.S.C. § 30106, the Graves Amendment, preempts G.L. 1956 § 31-34-4; thus, it precludes the vicarious liability of Hertz as the owner of the vehicle.

The plaintiff argued that there were genuine issues of material fact regarding Hertz's consent, making summary judgment inappropriate. Specifically, plaintiff pointed to the inconsistency in the documents that Hertz submitted: the rental record described a Toyota Prius, while the vehicle involved in the accident was a Dodge Charger. Further, plaintiff relied on RIPTA's argument that the Graves Amendment did not preempt § 31-34-4, and also asserted that there were genuine issues relating to the applicability of the Graves Amendment. After hearing argument, the Superior Court justice merely stated, "I'm going to grant [Hertz's] motion."

---

[3] The "rental agreement" contains no reference to Carroccio—in fact, "secondary generic" is handwritten on this stock document—and it was not attached to or referenced by the Camerano affidavit.

**Standard of Review**

"[T]his Court reviews a grant of summary judgment de novo." Sullo v. Greenberg, 68 A.3d 404, 406 (R.I. 2013) (quoting Sacco v. Cranston School Department, 53 A.3d 147, 149-50 (R.I. 2012)). We examine the case from the same perspective as the trial justice who passed on the motion for summary judgment, and we "view the evidence in the light most favorable to the nonmoving party * * *." Id. at 406-07 (quoting Sacco, 53 A.3d at 150). "Only when a review of the admissible evidence viewed in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's grant of summary judgment." Sola v. Leighton, 45 A.3d 502, 506 (R.I. 2012) (quoting National Refrigeration, Inc. v. Standen Contracting Co., 942 A.2d 968, 971 (R.I. 2008)). Although the nonmoving party must establish the existence of a disputed issue of material fact, "[s]ummary judgment is an extreme remedy that should be applied cautiously." Hill v. National Grid, 11 A.3d 110, 113 (R.I. 2011) (quoting Plainfield Pike Gas & Convenience, LLC v. 1889 Plainfield Pike Realty Corp., 994 A.2d 54, 57 (R.I. 2010)).

**Analysis**

Both the plain language of § 31-34-4 and our case law recognize that when the operator of a rental car causes an accident, the liability of the owner of a rental car—absent some independent negligence—is predicated upon the operator having the consent of the owner. Section 31-34-4(a) provides in pertinent part:

> "Any owner of a for hire motor vehicle or truck who has given proof of financial responsibility under this chapter or who in violation of this chapter has failed to give proof of financial responsibility, shall be jointly and severally liable with any person operating the vehicle for any damages caused by the negligence of

any person <u>operating the vehicle by or with the permission of the owner</u>." (Emphasis added.)

"It is well-established that in order for a rental-car company to be vicariously liable for the negligent operation of its vehicle, § 31-34-4 requires the owner to give permission to the operator." <u>LaFratta v. Rhode Island Public Transit Authority</u>, 751 A.2d 1281, 1285 (R.I. 2000). Nevertheless, G.L. 1956 § 31-33-7 provides:

> "In all civil proceedings, evidence that at the time of the accident or collision the motor vehicle was registered in the name of the defendant, shall be prima facie evidence that it was being operated with the consent of the defendant, and the absence of consent shall be an affirmative defense to be set up in the answer and proved by the defendant."

This Court's pronouncements are crystal clear regarding the effect of § 31-33-7 in the summary judgment context. <u>Pichardo v. Stevens</u>, 55 A.3d 762, 766 (R.I. 2012). "[I]n cases where § 31-33-7 is in issue, evidence of vehicle registration 'cannot be treated as a mere presumption;' instead, this 'prima facie evidence remains in the case throughout the trial and is entitled to be weighed like any other evidence upon the question of fact as to consent.'" <u>Pichardo</u>, 55 A.3d at 766 (quoting <u>Kent v. Draper Soap Co.</u>, 75 R.I. 30, 36-37, 63 A.2d 571, 575 (1949)). We have held that a defendant-owner's sworn statements that she did not give permission to a driver involved in a collision involving her car are "relevant to [the defendant-owner's] attempt to establish [an] affirmative defense under § 31-33-7, <u>but they are not sufficient to prove that defense at the summary judgment stage.</u>" <u>Pichardo</u>, 55 A.3d at 766 (quoting <u>Andreoni v. Ainsworth</u>, 898 A.2d 1240, 1244 (R.I. 2006)). Only in a "rare and exceptional case" can a defendant-owner prove the affirmative defense of lack of consent as a matter of law under § 31-33-7. <u>Pichardo</u>, 55 A.3d at 766-67 (quoting <u>Hill v. Cabral</u>, 62 R.I. 11, 19, 2 A.2d 482, 485 (1938)).

Here, Hertz has failed to show that this is such a "rare and exceptional" case. The exhibits submitted by Hertz are vague and contradictory, and they do not carry the day. Although Hertz submitted a rental record showing Carroccio as the only authorized driver of a vehicle rented from Hertz, that record reflected that Carroccio rented a 2008 Toyota Prius, not the 2007 Dodge Charger that struck plaintiff. Although the Camerano affidavit states that Carroccio rented a 2007 Dodge Charger "pursuant to the rental record attached hereto," the rental record is inconsistent, describing only the Prius and not the Charger.[4] Furthermore, at oral argument, counsel for Hertz admitted that he drafted the affidavit and that the Hertz employee who signed it was not the actual person who conducted the transaction, but rather a Hertz employee who obtained a copy of the rental record from Hertz's computer system. Additionally, we note that exhibit C, the rental agreement, which purports to contain the terms and conditions of Carroccio's rental, contains no reference to Carroccio, and the Camerano affidavit does not address it. Therefore, the record does not establish that Faelle was operating the 2007 Dodge Charger without Hertz's consent, particularly in light of plaintiff's statutory prima facie proof under § 31-33-7. Accordingly, Hertz's consent remains an issue of material fact.

Hertz relies heavily upon LaFratta, 751 A.2d at 1283, 1285—a case in which we affirmed the grant of summary judgment to a rental car company with similar terms to the purported rental agreement and rental record here. In LaFratta, 751 A.2d at 1284, however, "the rental agreement provided the requisite proof [of lack of consent]." Such is not the case here; the rental record submitted by Hertz is insufficient because it does not describe the vehicle involved in the accident with plaintiff. Hertz also seizes upon a footnote of dictum in Pichardo, 55 A.3d at 767

_____

[4] The Camerano affidavit is inconsistent with the copy of the rental record attached as exhibit A to Hertz's memorandum in support of its motion for summary judgment. The copy of the rental record attached to the Camerano affidavit surreptitiously omitted the first page of the record, i.e., the page describing the rented vehicle as a 2008 Toyota Prius.

n.2, which stated that, when a car rental agency expressly limits who is allowed to drive its vehicle, "summary judgment in favor of a rental agency-defendant would be appropriate because, absent some ambiguity or amendment to the original rental agreement, the plain language of the contract would limit the rental agency's consent to drivers named in the agreement." An ambiguity or amendment to the original rental agreement is precisely what we have here—while Hertz purports via affidavit that Carroccio rented a Dodge Charger pursuant to an attached rental record, that rental record reflects only the rental of a Toyota Prius. Accordingly, summary judgment on the basis of Hertz's lack of consent is not appropriate in this case. See § 31-33-7; Pichardo, 55 A.3d at 766-67. The determination of this issue requires factfinding.

Hertz also argued that summary judgment was proper because the Graves Amendment preempts § 31-34-4. However, the issue of fact discussed above also precludes summary judgment on the Graves Amendment issue. The Graves Amendment provides:

> "An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if--
>
> "(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
>
> "(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner)." 49 U.S.C. § 30106(a).

Thus, the Graves Amendment applies only when "harm to persons or property * * * results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease" and there is no negligence by the rental car company. Id. The rental record that Hertz

attached to its motion is for the rental of a Toyota Prius and not a Dodge Charger. Therefore, the rental record does not establish, for purposes of summary judgment, the period of the rental because it does not identify the vehicle involved in the accident. Accordingly, summary judgment on the basis of the Graves Amendment is not appropriate. See Sola, 45 A.3d at 506. We decline to address the legal merits of the constitutional preemption question. See In re Brown, 903 A.2d 147, 151 (R.I. 2006) ("Neither this Court nor the Superior Court should decide constitutional issues unless it is absolutely necessary to do so.").

## Conclusion

For the reasons set forth above, we reverse the judgment of the Superior Court. The case is remanded to the Superior Court for trial.



**TITLE OF CASE:**       Maria Marble v. John Faelle et al.

**CASE NO:**             No. 2012-198-Appeal.
                         (PC 08-4046)

**COURT:**               Supreme Court

**DATE OPINION FILED:**  May 9, 2014

**JUSTICES:**            Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**          Associate Justice Maureen McKenna Goldberg

**SOURCE OF APPEAL:**    Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                         Presiding Justice Alice B. Gibney

**ATTORNEYS ON APPEAL:**

                         For Plaintiff:  Ronald J. Resmini, Esq.

                         For Defendant:  Ryan C. Hurley, Esq.